## SOLLER *v.* MOUTON.

An action on a contract made with an association must be brought in the name of all the individuals composing it, if unincorporated, (C. C. 437); if incorporated, in its corporate name. C. C. 423. No recovery can be had in an action on such a contract by the president of the association, where the prayer is for a judgment in his favor individually.

APPEAL from the District Court of Lafayette, *Overton, J. Brent*, for the plaintiff. *C. H. Mouton*, for the appellant. The judgment of the court was pronounced by

SLIDELL, J. The plaintiff alleges that the defendant engaged him to instruct his two sons in various brances of learning, which he did and caused to be done; that the defendant thus became indebted to him in the sum of $1,600, of which a part has been received, and the balance of $362 37 is still due; for which plaintiff prayed judgment in his individual favor. In an amended petition the plaintiff alleges that, the defendant's children were under his charge, and taught at the college of St. Charles, the direction and management of which was under his control, as president. He prayed for judgment as in his original petition. The defendant pleaded the general issue. He also specially denied that he had employed the plaintiff to instruct his children, alleging that he had sent his children " to St. Charles College, an institution under the direction of Jesuits," and that he had paid whatever he owed to said college. A judgment was rendered in favor of *Soller* individually, against the defendant, for $200; and the defendant has appealed.

At the trial of the cause it appeared that the St. Charles College was an institution conducted by Jesuits. It had a president, treasurer, and other officers. At the time when the sons of the defendant were received there, another person was pesident; subsequently, and shortly before his children left the college, the plaintiff acted as president. The nature of the association does not fully appear; but it is clear, under the evidence, that an association, and not the plaintiff, was the proprietor of the college. It is not proved that the plaintiff personally had any pecuniary interest in its affairs.

It is evident that no contract was made with the plaintiff in his individual capacity, and that he is not individually the creditor of the defendant. The con-

SOLLER
*v.*
MOUTON.

tract was with an association. If the association was an unincorporated one, the suit should have been brought in the name of all the individuals composing it; if incorporated, in the corporate name. The plaintiff has shown no indebtedness to himself, nor any right to sue and recover individually. See Civil Code, arts. 423, 437.

The judgment in the court below is reversed, and judgment is rendered for defendant as in case of non-suit, with costs in both courts.