## R. PERRY, Syndic, *v.* D. HOLLOWAY.

By buying out the interest of the partners and receiving the partnership assets, the purchaser himself becomes the debtor of the creditors of the partnership to the extent of the assets. The interest of a partner in a firm is his portion of the residuary excess of partnership assets over liabilities.

APPEAL from the District Court of East Feliciana, *Penn*, J. *Z. S. Lyons* and *W. D. Winter*, for plaintiff. *E. S. Merrick* and *J. H. Muse*, for defendant. The judgment of the court was pronounced by

SLIDELL, J. There is some obscurity in the phraseology of the decree rendered by the Supreme Court in this case, and reported in 10 R. R. 111. The intention of the court, as we infer from the language used in the opinion and from the pleadings and evidence, was to charge *Holloway* with $3000, as the value of the interest of *Powell* in the partnership of *Harris & Co.*, a commercial firm composed of *Powell* and *Harris.* They ordered the defendant to surrender the lot of ground and the two slaves which he had purchased at the sheriff's sale in 1840, because these existed in kind, and could be restored. The interest of *Powell* in the partnership, whose entire assets had been under the sole control of *Holloway* for more than four years, was not susceptible of restoration in kind. Hence, we think, the court intended to charge the defendant with *Powell's* interest in that partnership at the valuation exhibited by the testimony before them. The defendant now assumes the position that he bought at the sheriff's sale merely the merchandise contained in the store. But this is inconsistent with the interpretation given to the purchase " of the interest of *H. J. Powell* in the store at Port Hudson" by himself in his pleadings and acts. The original petition in this cause alleged that the defendant had bought, at the sheriff's sale in 1840, "the interest which said *Powell* had in the store in Port Hudson, then held by him in co-partnership with *R. W. Harris*, under the name and style of *R. W. Harris & Co.*" The word *store*, although a loose expression to be used in pleading, was undoubtedly intended to designate the

34

PERRY
*v.*
HOLLOWAY.

mercantile establishment and partnership assets of *Harris & Co.* And so the defendant understood it, for in his answer he says: "he admits that he, this defendant, is the legal owner and possessor of the real estate and slaves described in plaintiff's petition, and that he was the owner of said interest in said store and co-partnership." Soon after the purchase, we find him buying out, for $3500, the interest of the remaining partner *Harris,* and thus obtaining the entire control of the partnership funds. *Harris* was examined as a witness at the former trial. He deposed that *Powell* and himself were equal partners; that he considered *Powell's* interest in May, 1840, when it was sold by the sheriff to *Holloway,* as worth $3000. It was, undoubtedly, upon this evidence the court acted in fixing the liabilities of *Holloway* at $3000.

If, however, the disputed clause in the decree of the Supreme Court is not to receive the interpretation contended for by the plaintiff, but is to be considered as assessing the value of *Powell's* interest in the merchandise of the firm merely, it would not change the aspect of this case to the defendant's advantage. For he took possession not only of the merchandise of the firm, but of all its assets, and would be bound to render an account of them, which he has not done.

In his amended answer, filed after the cause was remanded, the defendant set up a claim for various credits; and the principal contest before us has been as to their allowance. After a careful examination of the evidence, we are of opinion that none of them can be allowed except the payments made by *Holloway* of the judgments in favor of *Wagner & Co.* and *H. R. Lee & Co.* The judgment in favor of *Whiting* and *Slark* appears to have been paid by *Powell.* The items charged for rent, clerk hire, &c., being the last seven items stated in the defendant's answer, cannot be allowed. They pertain to the affairs of *Harris & Co.;* and moreover the principal portion of them were debts of that concern which occurred after *Holloway* became the owner of the interest of both partners. By buying out the interest of the partners and receiving all the partnership assets, he became himself the debtor of the creditors of *Harris & Co.* at least to the extent of those assets. The interest of a partner in a firm is his portion of the residuary excess of partnership assets over partnership liabilities.

We think the court below erred in refusing to allow the plaintiff to file an amended petition claiming the value of the services of the slaves *Harry* and *Jack,* from the date of the sheriff's sale in 1840 until they were restored to the syndic under the decree of the Supreme Court. It will be observed, that in the original petition, the syndic, acting in affirmance of the sale of the land, slaves and other property, claims its price. But the Supreme Court being of opinion that the sale was invalid, decreed the restoration of the land and slaves. As to the sale of *Powell's* interest in the partnership, as it was not susceptible of restoration, they charged *Holloway* with its value. They did not act upon the question of the value of the services of the slaves, because from the course which the litigation had taken in the court below, that matter was not presented by the pleadings or evidence. There would be an obvious injustice in permitting *Holloway* to have the service of the slaves without charge to the detriment of the creditors of the insolvent. There is nothing in the terms of the decree, properly interpreted, to preclude the syndic; on the contrary, justice to both parties was contemplated by the clause in the decree providing for a settlement of accounts.

In closing the litigation between these parties in all other respects, by our decree we will reserve to the syndic his right of action for the services of the slaves during the interval above mentioned.

Deducting from the sum of $3000 the amounts paid by *Holloway* to *Wagner & Co.* and *H. R. Lee*, there remains a balance of $2207 for which, with interest, judgment will now be rendered.

In conclusion, it is proper to say that the relations and dealings between *Powell* and *Holloway*, and various circumstances exhibited by the record and evidence, cannot be reconciled with the hypothesis of good faith on the part of the defendant towards *Powell's* creditors; and this has been one of our reasons for charging the defendant with interest from 1841.

It is therefore decreed, that the judgment of the district court be reversed; and it is further decreed, that the plaintiff, *Robert Perry*, syndic of the creditors of *Howell J. Powell*, do recover from the defendant, *David Holloway*, the sum of $2207, with interest thereon from the 1st day of February, 1841, until paid, and costs in both courts. And it is further decreed, that there be reserved to the said plaintiff the right to bring suit against the said *Holloway* for the recovery of a reasonable compensation for the services of the slaves *Jack* and *Henry*, from the 25th day of May, 1840, until the date when they were restored by the said defendant to the possession of the said plaintiff.