[No. 1097.   Decided March 6, 1894.]

JAMES STEWART, *Appellant*, v. WILLIAM GOULD *et al.*, *Respondents*.

CORPORATIONS — PROMISSORY NOTES OF — PLEDGE OF STOCK TO SECURE — RIGHTS OF CORPORATION CREDITORS.

Although the note of a corporation may have been given without any consideration for its execution, a *bona fide* purchaser thereof for value, to whom certain shares of the capital stock of the corporation were assigned to secure its payment, is a corporation creditor.

Although a stockholder, after a pledge of any or all of his stock, is, under § 1509, Gen. Stat., authorized to represent the same at all meetings and vote as a stockholder, and although he is the owner and holder of the balance of stock remaining after such pledge, yet he would not be authorized to transfer or dispose of the property of the corporation to secure an individual indebtedness to the prejudice of corporation creditors.

*Appeal from Superior Court, Clallam County.*

*George C. Hatch*, for appellant.

*Easterday & Easterday*, for respondents.

The opinion of the court was delivered by

SCOTT, J.— The Clallam County Abstract & Trust Company was a corporation organized under the laws of this state, authorized, as expressed by the articles of incorporation, "to borrow money upon notes, bonds, etc., and to this end to give personal, collateral, real estate or other security." From January, 1892, until June, of said year, all of the stock of the company belonged in equal amounts to R. A. Grimes, Horace White and B. F. Schwartz, who were, during said time, the trustees of said company; and said Grimes and White were respectively the president and secretary. On the 15th day of January, 1892, said company, by its president and secretary aforesaid, executed and delivered to Schwartz its promissory note for the sum of $2,500, payable four months after date; and on the 5th day of February, 1892, said company, in like manner, executed and delivered to said Schwartz its certain other promissory note for a like sum, payable four months after its date. These notes were, on the 25th day of January, 1892, and on the 29th day of April, 1892, respectively, indorsed and delivered to the respondent Peters by said Schwartz. On the 3d day of September, 1892, Schwartz, to secure the payment of said notes, assigned to Peters 148 shares of the capital stock of said corporation and delivered to him two certificates evidencing Schwartz' ownership of that number of shares. On the 3d day of October of said year Schwartz, being then personally indebted to appellant Stewart in the sum of one thousand dollars, undertook to pledge to him all of the property and effects belonging to said corporation as security for the payment of this personal indebtedness. On October 12th of said year respondent Peters commenced an action in the superior court of Clallam county on said notes, and attached all of said property, which, it is conceded, was of a less value

than the amount due him, and in November of said year he recovered judgment against the corporation for an amount in excess of five thousand dollars. Schwartz was at the time insolvent. On the 14th day of October, 1892, appellant commenced this action, the object of which was to foreclose his alleged lien upon the property pledged to him as aforesaid, and on the 19th day of January, 1893, judgment was entered in said action for the defendants, from which he appeals.

It is contended by appellant that as Peters failed to show a transfer of said certificates of stock to him on the books of the company, Schwartz was the legal owner thereof under § 1509, Gen. Stat., and as he was the owner and holder of the balance of the stock, he was the equitable owner of the corporation's property, and had a right to dispose of it subject only to the rights of the corporation creditors; and he contends that Peters was not a creditor of the corporation for the reason that the notes which he held as aforesaid were given without any consideration.

It is further contended that the court erred in permitting the respondent to prove the recovery of said judgment, for the reason that he had not pleaded it in his answer. This point is immaterial, for his rights as a creditor of the corporation obtained under the notes, whether reduced to judgment or not, and although a stockholder after a pledge of the stock is, under § 1509 aforesaid, authorized to represent the same at all meetings and vote as a stockholder, he, although the owner and holder of the balance of the stock, would not be authorized to transfer or dispose of the property of the corporation to secure an individual indebtedness to the prejudice of the corporation creditors.

Appellant further contends that the court erred in not permitting him to show that the notes executed by the corporation to Schwartz were given without consideration, but

24—8 WASH.

this point is not well taken, for there was no attempt or offer to show that the respondent Peters had not obtained said notes in good faith and for a valuable consideration, and that he was in a position where he could be charged with any notice of their invalidity.

There are some further points contended for by appellant, but they have been practically disposed of by what has been said before.

The judgment is affirmed.

DUNBAR, C. J., and HOYT, STILES and ANDERS, JJ., concur.