The opinion of the court was delivered by
Nicholls, C. J.
In the brief filed in this court plaintiff declares that having been unable to effect any satisfactory settlement of his rights with Mrs. Menge, who has arrogated to herself all the rights and powers of the corporate body, he has brought this suit for the appointment of a disinterested third person as receiver and for a judicial settlement of the affairs of the corporation, which is hopelessly derelict, with no officers or duly qualified representatives. He calls our attention to the form of the proceeding as not being an application for the appointment of a receiver on ex-parte affidavits, but a demand contemplating a trial upon the merits and a full opportunity for both parties to be heard. He declares that the power of the State courts to appoint receivers in proper cases has been clearly recognized, and that the only question before the court is whether the petition sets out a proper case for the exercise of its power or jurisdiction. He says it is the case of a’ corporation utterly derelict, with no officers or representatives authorized to take charge of its affairs; that there is no attempt here to divest the properly and legally constituted officers of a corporation of the control of its property and affairs; that it is a corporation without officers; that the administratrix of a deceased stockholder has assumed the administration of its affairs without any further right or authorization than may be implied from the fact that she represents the heirs of her deceased husband, who was a stockholder; that he objects to the exclusive administration assumed by the defendant and demands a judicial settlement of the corporate affairs to the end that his rights as a stockholder and creditor, which are denied by the defendant and, those of other interested parties, may be regularly ascertained and protected. He *1617 claims that the appointment of a receiver is a matter which rests largely in the discretion of the court, and that this discretion can be intelligently exercised only after a trial upon the merits, when the court will have been put in possession of all the facts.
The defendant resists the application. In her brief she calls our attention to the fact that while plaintiff avers that there are various other creditors unpaid, plaintiff does not say who they are, nor what is due them, nor that they have made any complaint in the premises, nor that they join him in his application or approve of his action.- That he does not aver that the property or assets of the company are abandoned, and exposed thereby to loss or damage, but, on the contrary, says that they aré under the administration and in the possession of the defendant. That he does not aver that her administration is bad or negligent or fraudulent; that he does not aver that he is exposed to any danger, immediate or remote, of loss or injury from her administration; that he does not aver that she has excluded him from a participation in such possession and administration, nor that he has made a demand upon her. for such participation, nor that he has objected to, or remonstrated against, her administration and possession; that he does not aver that he has made a demand upon her for payment of his debt, or that she refuses to acknowledge it or pay it; that he does not aver that the corporation is insolvent; that the averment that the company is derelict is'nullified by the averment that defendant administers its affairs as a negotiorum gestor; that defendant in the interest of all parties concerned took charge of the affairs of the company, as plaintiff, (from his own showing, an officer and director of the corporation) , abandoned the care and management of it, having taken no care to p;otect its ássets from Joseph Menge’s death, on the 26th of April, 1894, to the institution of this suit, on the 12th of October, 1894; that plaintiff has been guilty of laches and brought about the condition complained of, and has no legal right to apply for a receiver under such circumstances.
She further asserts that plaintiff’s petition discloses the fact that the corporation of the Edna Rice Mill Company is extinct, inasmuch as the number of its incorporators is reduced to two, and a corporation can not be composed of less than three persons; that at the extinction of a corporation its property vests in the stockholders, who thereby become joint owners of the same; that therefore, on the *1618 face of the petition, plaintiff and defendant are simply joint owners of undivided property, each one having a right to hold and possess it until a partition takes place; that the right of the parties in such cases is to demand the partition of the common property, and if necessary the sequestration of it pendente lite, but not the delivery of it into the hands of a receiver; that it is doubtful whether a receiver may be appointed in Louisiana as an incident to a partition suit, but that in the absence of a partition suit as a mode of dividing the property and settling the rights and interests of the joint owners between themselves, there being no creditors demanding it, no such appointment can be made.
The plaintiff replies that the question of laches vel non can not be raised on the trial of an exception of no cause of action; that such an issue could only be raised and determined on a trial upon the merits and evidence adduced. That it is true that the act under which the corporation was organized requires that there be originally at least three stockholders, and he is not prepared to say what might be the effect in such a ease of the subsequent reduction of the number of stockholders to two in so far as the right to continue business as a corporation is concerned; but that qaoad its liquidation and the rights of stockholders and creditors, the corporation does still exist. That the defendant by purchasing the interest of the third stockholder could not have affected the rights of the plaintiff as a stockholder. That the relations between the parties are exactly what they were constituted in the charter to which both subscribed. They are both stockholders in a corporation and the assets are corporate assets and are to be distributed as such.
The contention of the defendant that the Edna Rice Mill Company has been dissolved — that by reason of that fact the property of the corporation has resolved itself'into property held in joint ownership between the stockholders; that the present situation is that of certain joint property in the custody and possession of one of the joint owners, who is entitled to hold possession of the same as joint owner under the rules applicable to that kind of property and subject alone to an action of partition, is not tenable. If his premise that the corporation is dissolved were true it might be that his conclusions would be correct. Possibly Art. 474 of the Civil Code may countenance that pretension, and true it is in an obiter in rhe case of Stark, Receiver, vs. Burke, Watt & Co., 5 An. 741, the organ of this *1619 court declared that “by the civil law on the dissolution of corporations of the class therein the subject of litigation the property of the corporation belonged to its members and must be divided among them;” but his premise is not true, and the result which he sets up as following therefrom has not arisen in this case. If it be true that by the mere centering of the stock of a corporation in the hands of two stockholders, a less number than the number of stockholders required as a condition precedent to the creation of the corporation, the corporation is dissolved ipso facto, and the property at once changes from corporate property to individual property held in joint ownership between the two, then the purchase by a single person of all the stock of a corporation would also dissolve it and convert its property into the individual property of the single stockholder, subject to be disposed of by him at will as such. That is not true. After a corporation has been formed, our law, in express terms, declares that it is “ an intellectual being different and distinct from all the persons who compose it (Art. 435) ; that the estate and rights of a corporation belong so completely to the body that none of the individuals who compose it can dispose of any part of them. In this respect the thing belonging to a body is very different from a thing which is common to several individuals as respects the share which every one has in the partnership which exists between them ” (Art. 436) ; that' “what is due to a corporation is not due to any of the individuals who compose it, and mee versa ” (Art. 437). The rights and obligations of parties would be confounded and thrown into confusion by adopting the rule which defendant contends for.
In Green’s second edition of Brice’s Ultra Vires, page 795, in a note it is said, “ A private corporation does not become dormant or forfeit its franchises because a single individual becomes, by purchase of the stock, sole owner of the corporate property and franchises, and if such sole owner continues the business under the corporate name without notice to the public he may be sued as such corporation. Newton & Co. vs. White, 42 Ga. 148; Cook vs. Kent, 105 Mass. 246.”
In Morawitz on Private Corporations, Sec. 1009, the author says: “The decease of all the stockholders in such a corporation, therefore, does not terminate its existence, and it is well settled that all the shares in a corporation may be held by a single person and yet the corporation continue to exist; and if the charter or by-laws *1620 require certain acts to be done by more than one shareholder, the sole owner may transfer a portion of his shares to other persons So as to conform to the letter of the rule.” In support of this proposition he cites the aforementioned case of the Newton Manufacturing Co. vs. White; Russell vs. McLellan,. 14 Pick. 69-70, and Baldwin vs. Canfield, 26 Minn. 43. See Fitzgerald vs. Missouri Pac. R. R. Co , 45 Fed. Rep. 819.
It has been held that the owner of all the stock of a corporation is not authorized to pledge the property of the corporation to the prejudice of its creditors. (Stewart vs. Gould, 36 Pac. 277.) In a note on the same page of Brice’s Ultra Vires it is stated that the want of the proper officers, byreason of failure to elect or by death, does not cause dissolution, though the exercise of the powers of the corporation may be thereby suspended, and that mere insolvency, proceedings in insolvency, the appointment of a receiver or nonuser of the powers granted does not of itself work dissolution. The authorities cited in support of these propositions are too numerous to be specially referred to.
We are of opinion that the Edna Rice Mill Company has not been dissolved and that we must deal with its affairs as an existing company.
When Menge, the secretary and treasurer of that company, died, the position which he held being a personal trust did not pass to or devolve upon his administratrix, but became vacant subject to replacement. The corporate property at his death did not pass under the control of the administratrix of the succession of Menge as such.
The plaintiff has the undoubted right to insist that it be placed in the hands of some corporate agency. The situation either admits of this being done extra-judicially by the stockholders and through methods provided for by the charter, or it does not. If it be possible to place corporate matters in the hands of corporate agencies selected by the stockholders themselves and defendant has the means of bringing this about legally, outside of any action by the court, she ought to avail herself of that power and bring that result about; but should she be either unable or unwilling to do so she can not insist that matters should remain as they are forever.
We think plaintiff has made a sufficient showing to entitle himself to a hearing upon the merits. We can not tell whether, when the case goes to trial, the situation at that time will be of such a char *1621 acter as to call for the exercise of the CQurt’s action in appointing a receiver. If the court should be called on to make such an appointment it by no means follows that a third person will be appointed or that the succession of Menge will be deprived of exercising the legitimate influence to which it will be entitled as a stockholder in the corporation.
The allegations of the petition might have been in some respects more specific than they are, but they are sufficiently so to throw the whole case open to inquiry.
The judgment appealed from is hereby annulled, avoided and reversed and the cause is remanded for further proceedings according to law, costs to await the decision of the lower court.
Rehearing refused.