(61 South. 771.)

No. 18,969.

MIOTON v. DEL CORRAL et al.

(March 17, 1913. Rehearing Denied April 28, 1913.)

*(Syllabus by the Court.)*

1. CORPORATIONS (§ 1*)—NATURE.

"Corporations are intellectual beings, different and distinct from all the persons who compose them." Civ. Code, art. 435.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1, 3–6; Dec. Dig. § 1.*]

2. CORPORATIONS (§ 182*) — ESTATE AND RIGHTS—RIGHT TO DISPOSE.

"The estate and rights of a corporation belong so completely to the body, that none of the individuals who compose it, can dispose of any part of them." Civ. Code, art. 436.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 686–690; Dec. Dig. § 182.*]

3. CORPORATIONS (§ 1*)—"CORPORATION."

"A corporation is an intellectual body, created by law, composed of individuals united under a common name, the members of which succeed each other, so that the body continues always the same, notwithstanding the change of the individuals who compose it, and which, for certain purposes, is considered as a natural person." Civ. Code, art. 427.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1, 3–6; Dec. Dig. § 1.*

For other definitions, see Words and Phrases, vol. 2, pp. 1608–1621; vol. 8, pp. 7619, 7620.]

4. CORPORATIONS (§ 505*)—PARTY TO SUIT.

"Corporations must sue and be sued in their names." Civ. Code, art. 432.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1953–1957, 1975; Dec. Dig. § 505.*]

5. CORPORATIONS (§ 600*) — DISSOLUTION — NUMBER OF STOCKHOLDERS.

Where the number of shareholders of a joint-stock corporation is reduced to less than the number required by law to form a corporation, dissolution of the corporation does not result therefrom. In re Belton, 47 La. Ann. 1614, 1618, 18 South. 642, 30 L. R. A. 648; State v. Railroad. 106 La. 513, 525, 31 South. 115; 10 Cyc. 1277; 5 Thompson on Corporations (2d Ed.) § 6498.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2391–2394; Dec. Dig. § 600.*]

6. CORPORATIONS (§ 202*) — STOCKHOLDERS—RIGHT TO SUE—DAMAGES.

A single shareholder or any number of shareholders, or the whole number, have not

the right to sue in their own names or in the corporate name to recover damages to corporate property. Civ. Code, art. 432; Code Prac. art. 112; Rev. St. § 680; Soller v. Mouton, 3 La. Ann. 541.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 777–780, 822; Dec. Dig. § 202.*]

Appeal from Civil District Court, Parish of Orleans; George H. Théard, Judge.

Action by John S. Mioton, Jr., and another against John F. del Corral and another. From a judgment for defendants, plaintiff named appeals. Affirmed.

Foster, Milling, Brian & Saal and Lazarus, Michel & Lazarus, all of New Orleans, for appellant. W. S. Parkerson and Stirling Parkerson, both of New Orleans, for appellee John F. del Corral. Howe, Fenner, Spencer & Cocke, of New Orleans, for appellee J. W. Jay.

SOMMERVILLE, J. John S. Mioton, Jr., "in his individual capacity, and for his own account, and also for, and in the name and on behalf of, the Central Improvement & Contracting Company, a corporation organized under the laws of the state of Louisiana, and doing business in the city of New Orleans, he being the owner and holder of all the capital stock of said corporation," sues the defendants John F. del Corral and J. W. Jay for $75,000 in damages for the failure to carry out a written contract entered into between him and them, which contract is attached to and made part of his petition.

In the contract referred to, after reciting that John S. Mioton, Jr., owned all the capital stock of the corporation known as the Central Improvement & Contracting Company, and that that corporation was engaged in executing contracts for public works in the city of New Orleans, and that it needed additional capital for the purpose of enabling it to carry out and execute its said contracts, it was agreed between the three persons named that they would organize a new corporation, and "that the said new corporation shall lend to the Central Improvement & Contracting Company $25,000 to enable it to properly execute and complete the contracts (for street paving) now in the course of execution." Plaintiff further alleges the failure of defendants to form a new corporation and to advance the said sum of $25,000 to the Central Improvement & Contracting Company as agreed. The petition sets forth in detail the several contracts that the Central Improvement & Contracting Company had with the city of New Orleans, alleging in each instance that said company would have successfully completed its contract and made a large profit therefrom, and stating the profits which would have been derived from each of the several contracts by the said contracting company, and that "all of the said acts of del Corral and Jay have inflicted loss upon the Central Improvement & Contracting Company and your petitioner, who was the sole and exclusive owner of said stock at the time of the agreement entered into as aforesaid." He further alleges that the said del Corral, prior to the date of said written contract and immediately thereafter, advanced the sum of $13,223.55, and that said Jay advanced the sum of $800 to the contracting company to carry out and complete the several contracts which it had with the city of New Orleans; that because of the failure of defendants to carry out and execute the agreement referred to the contracting company was forced to make other arrangements; "that the profit which the said Central Improvement & Contracting Company would have earned, and which their successors did earn, even at a lower price of adjudication, by the completion of said contracts," would have been earned by it, but that the failure of defendants to perform their part of the contract inflicted

heavy loss upon the said contracting company.

"Petitioner further represents that when the understanding and agreement was reached between the said John F. del Corral, J. W. Jay, and your petitioner, he was to be compensated for his services in supervising the execution of the contracts which were then held by the Central Improvement & Contracting Company, and which compensation was to be paid him on the basis of $200 per month, and that the work for the completion of such contracts would have covered at least a period of one year, thus entailing an additional loss upon your petitioner of $2,400. Petitioner further represents that the damages hereinbefore referred to result from the breach of contract upon the part of said del Corral and Jay, and the violations thereof by them, without cause or justification, and that they have never attempted to assign any reason for their unlawful conduct in the premises; that your petitioner, being the holder of the entire stock in said corporation, the Central Improvement & Contracting Company, sustains the loss of profits which the said corporation would have earned, and he is entitled to be indemnified to the extent of the loss which he has sustained and as hereinafter prayed for.

"Wherefore, the premises considered, petitioner prays that John F. del Corral and J. W. Jay be duly cited to answer this petition, and that, after due delays and legal proceedings, there be judgment in favor of your petitioner, both in his individual capacity and as the representative of the Central Improvement & Contracting Company, in the full sum of $75,000, and against the said defendants del Corral and Jay in solido, with legal interest on said amount from the date of judgment until paid."

Both defendants appeared and filed exceptions of no cause of action, which were overruled. They then answered, and after trial there was judgment in favor of the defendants dismissing plaintiff's suit at his cost.

In his answer John F. del Corral reconvened and claimed from plaintiff the sum of $13,223.55, with interest. There was judgment on this reconventional demand against the contracting company; but in favor of John S. Mioton, Jr.

John S. Mioton, Jr., alone appeals. The Central Improvement & Contracting Company has not appealed.

John F. del Corral has answered the appeal, and asked for an amendment of the judgment in his favor by condemning John S. Mioton, Jr., as prayed for in his reconventional demand.

This suit having been brought by John S. Mioton, Jr., "in his individual capacity and for his own account, and also for and in the name of and on behalf of the Central Improvement & Contracting Company, he being the holder and owner of all the capital stock of the said corporation," and the said company having been named many times in the petition as the petitioner, and the prayer attached to the petition being for judgment against defendants and "in favor of your petitioner, both in his individual capacity and as representative of the Central Improvement & Contracting Company," the court a qua evidently considered that the Central Improvement & Contracting Company was a party plaintiff in the cause; and there was judgment in favor of del Corral against said company on his reconventional demand. But, as the Central Improvement & Contracting Company is not before this court, we cannot review the judgment against it.

The exception filed by defendants, that the petition of John S. Mioton, Jr., "in his individual capacity and for his own account," disclosed no cause of action should have been sustained. The petition alleges, and the agreement between the parties attached to said petition shows, that the defendants promised plaintiff to form a new corporation, and that it was "further understood and agreed that the said new corporation shall lend to the Central Improvement & Contracting Company $25,000 to enable it to properly execute and complete the contracts now in the course of execution." This obligation was solely for and in favor of the contracting company; and it was not in favor of the plaintiff. He therefore has no right of action against these defendants under that contract. Their failure to perform the stipulation therein contained might have caused injury to the contracting company; but the plaintiff, a stockholder of that company, cannot sue in his own name for al-

leged damages to the corporation in which he is a stockholder.

[1] "Corporations are intellectual beings, different and distinct from all the persons who compose them." C. C. art. 435.

[2] "The estate and rights of a corporation belong so completely to the body, that none of the individuals who compose it, can dispose of any part of them." C. C. art. 436.

[3] "A corporation is an intellectual body, created by law, composed of individuals united under a common name, the members of which succeed each other, so that the body continues always the same, notwithstanding the change of the individuals who compose it, and which, for certain purposes, is considered as a natural person." C. C. art. 427.

[4] "Corporations must not only be authorized by the Legislature, or established according to law, but a name must be given to them; and it is in that name they must sue or be sued, and do all their legal acts, although a slight alteration in this name be not important." C. C. art. 432.

A corporation is presumed to exist until its charter has been forfeited in some way; and the legal title to its property remains in the ideal body or corporation, no matter how its individual members may change. State v. Railroad Co., 106 La. 513, 525, 31 South. 115; 10 Cyc. 1277.

[5] The fact that plaintiff became, and was at the time of the institution of the suit, the holder and owner of all the capital stock of the corporation referred to, has not the effect of dissolving that corporation. The judicial decisions seem to be unanimous to the effect that the mere fact that all the shares of a corporation pass into the ownership of one person does not of itself dissolve the corporation. They rest upon the principle that a corporation is not dissolved by the destruction of an integral portion of its membership, so long as the remaining portions have the power to restore or renew the defective part. Such sole owner may dispose of the shares held by him, and by the election of the necessary directors and officers continue the corporate existence under the corporate name; and it is still liable to be sued as a corporation. Such sole owner does not become the sole owner of the property of the corporation, but he owns merely the shares. 10 Cyc. 1277.

In the case of Belton praying for a receiver, 47 La. Ann. 1614, 1618, 18 South. 642, 30 L. R. A. 648, where the shareholders had been reduced to two in number, we hold that under express law the corporation continues to exist until the corporation has been regularly dissolved. And in State v. Railroad, 106 La. 513, 525, 31 South. 115, where was but one stockholder, we affirmed the doctrine in the Belton Case, and cited many authorities in support of it.

[6] And a single shareholder or any number of shareholders, even the whole number, have not the right to sue in their own names or in the corporate name, either at law or in equity, to recover damages to corporate property. The general rule is that such action must be brought by and in the name of the corporation itself and not by the shareholders. 10 Cyc. 963, 965. Damages to a shareholder are too remote to be recovered by him for damages to the corporation.

The law of this state is that:

"Bodies corporate and chartered institutions act judicially through their proper representatives and in the name or title given to them in the act of incorporation." C. P. art. 112; R. S. § 680.

And we have held that the members of a corporation may not sue as individuals. Soller v. Mouton, 3 La. Ann. 541. In extreme cases a stockholder may sue, as when the corporate officers, after having been called upon to sue, failed in their duty, which allegations must be alleged and proved. Lacaze & Reine v. Creditors, 46 La. Ann. 237, 14 South. 601; Smith v. Hurd, 12 Metc. (Mass.) 371, 385, 46 Am. Dec. 690; Hearst v. Putnam Mining Co., 28 Utah, 184, 77 Pac. 753, 66 L. R. A. 784, 107 Am. St. Rep. 698; 3 Cooke on Corporations, 734, 751; 4 Thompson on Corporations, 4471, 4477, 4476, 4488; 6 Thompson on Corporations, § 7600.

The petition of plaintiff contains a further allegation:

"That before the said contract was entered into between your petitioner and the said del Corral and Jay, a condition precedent was imposed upon your petitioner to acquire the said outstanding stock, and your petitioner did, in the observance of said condition, purchase said outstanding stock and paid therefor the sum of $2,000; and at the date of the written contract, to wit, August 3, 1907, your petitioner was the holder and owner of all the issued stock of the Central Improvement & Contracting Company."

Plaintiff does not allege that he has suffered any loss by the purchase of said stock, or that he has been deprived of the ownership of the same by any act of defendants. He asks no damages because of said investment. He declares upon the contract entered into between the parties of date August 3, 1907, at which time he declared:

"Said John S. Mioton, Jr., owned all the capital stock of the corporation known as the Central Improvement & Contracting Company," etc.

But, inasmuch as plaintiff does not allege that he has suffered any damages because of the purchase of said stock, his petition fails to disclose any cause of action in connection therewith.

The amendment of judgment prayed for by John F. del Corral will not be allowed. The money advanced by him was to the Central Improvement & Contracting Company; and the alleged promise of John S. Mioton, Jr., to pay the debt of that company has not been sustained by competent evidence.

Judgment affirmed.