**(117 So. 451)**

No. 29148.

**ITEM CO., Limited, v. PAN–AMERICAN CIGAR CO., Inc.**

**In re FALK.**

May 7, 1928.  Rehearing Denied June 4, 1928.

Weiss, Yarrut & Stich, of New Orleans, for intervener.

Deutsch & Kerrigan, of New Orleans, for respondent.

BRUNOT, J.  The plaintiff sued the defendant in the First city court of New Orleans for the recovery of a balance due on an account rendered, and obtained a judgment, by default, for the sum prayed for in its petition.  In attempting to execute the judgment, the constable, under a writ of fieri facias, seized and proceeded to advertise and sell property that did not belong to the defendant.  The owner of the property intervened in the suit, a restraining order was issued, and, after a trial of the intervention, a judgment was rendered in favor of intervener and against the plaintiff, enjoining the seizure and sale of the property.  From this judgment, the plaintiff appealed.  The Court of Appeal, on rehearing, reversed the judgment of the First city court and refused to grant a second rehearing.  On the relation of the intervener this court issued a rule nisi and, in response thereto, the record has been sent up for review.

The record discloses that the names of the defendant and the intervener corporations are strikingly similar, but they are distinct legal entities. One, the Pan-American Cigar Company, Inc., was incorporated, November 18, 1920. The other, the Pan-American Cigars, Inc., was incorporated January 3, 1927. Shortly after the Pan-American Cigars, Inc., was incorporated it acquired all of the property and assets and assumed all of the liabilities of the Pan-American Cigar Company, Inc. About seven months after the Pan-American Cigar Company, Inc., had sold its property to the Pan-American Cigars, Inc., the plaintiff sued and obtained judgment, by default, against the Pan-American Cigar Company, Inc., which company, although not then a going concern, had not surrendered its charter.

On the day this judgment was signed, plaintiff caused a writ of fieri facias to issue, and the property relator had acquired from the judgment debtor prior thereto was seized under the writ, and the injunction restraining the advertisement and sale of the seized property to satisfy plaintiff's judgment followed.

Relator contends that the title to the property it acquired from the Pan-American Cigar Company, Inc., cannot be treated as a nullity, and its property cannot, in a proceeding to which it is not a party, be seized and sold to satisfy a judgment against its vendor. In the alternative relator contends that the fi. fa. issued on the day the judgment was signed and the issuance of the writ and the seizure thereunder was premature.

Several motions and exceptions are found in the record, which we will pass without comment, because, under our view of the case, it is not necessary to consider them. We think that, if it be conceded that relator can be held liable for the debt of its vendor to plaintiff, its liability must be first established in a proceeding had contradictorily with it, in its corporate name, for there is no suggestion in the record of simulation, or fraud, or of an appropriation by relator corporation of the debtor corporation's property, for the purpose of placing it beyond the reach of its creditors.

The rulings in the cases of Hyman v. Hibernia Bank & Trust Co. et al., 144 La. 1074, 81 So. 718, Seelig v. Dumas, 48 La. Ann. 1494, 21 So. 91, and Perry, Syndic, v. Holloway, 6 La. Ann. 265, upon which the decision of the Court of Appeal is based, cannot be applied to this case. In the Hyman Case the court found that there was a *willful violation of a lessor's lien and a consequent legal fraud*. In the Seelig Case, a lessor's property was fraudulently sold by his lessee to a fraudulent purchaser. In addition to the lack of analogy between those cases and the one at bar, in both of the cited cases, fraud was specifically alleged and proven. The Perry-Holloway Case merely holds the partner, who buys the interest of a copartner in the assets of the partnership, liable for the debts of the partnership to the extent of the assets.

Corporations must sue and be sued in their corporate name. C. C. art. 432; C. P. arts. 112 and 119; Mioton v. Del Corral, 132 La. 730, 61 So. 771.

For these reasons, the judgment of the Court of Appeal is avoided and reversed, and it is now decreed that the judgment of the First city court be and it is hereby reinstated and made the judgment of this court. Costs of this court to be paid by the plaintiff.

ROGERS, J., takes no part.