WM. SIDNEY SMITH,<br>ELIJAH SMITH,<br>EDWD. SPARROW, Security."

The judge of the District Court gave judgment against the defendants, *in solido.* The nature of the defence will appear from the following reasons given by the lower court for its judgment : "The most important question presented to the court for its decision in this case is, whether an attorney at law in whose hands a note has been placed for collection has the power to give an extension of time, by an agreement made out of court, to the principal obligor, when the immediate legal consequence of such extension is a release of the sureties from all liability on the obligation. The court is of opinion that such an act is not one of mere administration, but is one which can only be done by the owner himself, or some one to whom he has specially delegated the power, but is not within the scope of the general powers of an attorney at law. The note in question was never sued on by the attorney, *Barrow,* and he only acted under such powers as resulted from his having the note in his hand for collection as an attorney at law. The evidence does not satisfy the court that there was any subsequent ratification, either express or constructive, of the act of the attorney by his client, the plaintiff." The defendants appealed.

*Stacy,* for the plaintiff. *Thomas,* for the appellants. The judgment of the court was pronounced by

EUSTIS, C. J. For the reasons given by the judge of the District Court, this judgment is affirmed, with costs.

---

## OLD *v.* CHAMBLISS.

Where under an execution, issued on a judgment rendered on a joint and several note against two debtors. one of whom was surety for the other, property is sold at a credit of twelve months and purchased by the principal debtor, the surety on the twelve-months' bond, on paying it, will have no recourse against the other debtor, who was merely a sure-

ty.  *Per Curiam :* A surety on a twelve months' bond, on paying it, acquires no right whatever beyond the contract itself to which he was a party, and no interest in the judgment under which the property was sold for which the bond was given.  This rule applies where a defendant becomes a purchaser and gives his bond, as well as to cases in which the purchasers are strangers to the original suit.

APPEAL from the District Court of Carroll, *Copley,* J.  *Short* and *Bryan,* contended that the judgment of the lower court should be reversed, and one rendered in favor of the plaintiff, citing Civil Code, arts. 3021, 3022, 3023. 1 Domat, 401, ss. 1, 2.    *Browder* and *Bemiss,* for the defendant.    The judgment of the court was pronounced by

EUSTIS, C. J.   In July, 1840, *Rufus Bliss* obtained judgment on a joint and several note drawn by *Felix Bosworth* and *Robert J. Chambliss,* for $725, with interest.   On an execution issued, a lot of ground in the town of Providence was sold on a credit of twelve months, and *Bosworth* became the purchaser for $500, and gave the plaintiff *Old,* as his surety in the bond, under the statute.   But the amount of the bond was for $1075, for which the bond recites the lot to have been sold.   This discrepancy between the sheriff's return, in which the price is given, and that recited in the bond, is not explained.   The plaintiff sues *Chambliss* for the amount he has paid on the twelve months' bond, and claims to be subrogated to the original judgment against *Chambliss* and his right to issue execution thereon.   There was judgment for the defendant, and the plaintiff has appealed.

We decided in the case of *Trent* v. *Calderwood,* 2 Ann. R. 942, that the surety on a twelve months' bond, on paying it, acquired no rights whatever beyond the interest itself to which he was a party, and no interest in the judgment under which the property was sold for which the bond was given.

We took occasion recently to review the authorities relating to the subject of subrogation on payment, and were satisfied that the principles on which we decided the case of *Trent* v. *Calderwood* were correct.   *Tardy* v. *Allen, ante* p. 66.

The counsel for the plaintiff has contended that from the informality in the bond it resulted that, the plaintiff made a *bonâ fide* payment on account of *Chambliss* as well as on account of *Bosworth,* of which *Chambliss* has had the benefit, and for which he ought to indemnify the plaintiff.   Even under that hypothesis the plaintiff could only have the rights of *Bosworth,* had he directly paid the original judgment; and *Bosworth* himself, had he paid the original note, could have no recourse against *Chambliss,* for the latter was merely his surety, and had no connection with the debt for which the note was given.

It is also contended that the rule laid down in the case of *Trent* does not apply to a case in which a defendant becomes a purchaser and gives his bond, but relates only to cases in which the purchasers are strangers to the original suit ; but we think there is no distinction in fact as to the obligations and rights of parties in the two cases.                    *Judgment affirmed.*