**(100 South. 699)**

**No. 25887.**

**PHILLIPS et al. v. PEDARRE.**

**In re GLOBE INDEMNITY CO.**

(March 8, 1924. Rehearing Denied by Whole Court June 7, 1924.)

*(Syllabus by Editorial Staff.)*

**1. Judgment ⬤⟿829(3)—Surety of judgment creditor not entitled to recover on judgment under full faith and credit clause.**

Surety is not entitled to recover on judgment rendered against defendant in favor of creditor by virtue of full faith and credit clause of United States Constitution, though it paid creditor with conventional subrogation, where it did not disclose fact or cause itself to be substituted or notify defendant of the subrogation, as the judgment did not cut off any defenses which defendant might have against the surety.

**2. Principal and surety ⬤⟿192—Surety for same debtor and same debt must contribute, to surety under separate bond paying same.**

Where separate bonds covered the same debtor and the same debt, surety paying debt has remedy against other surety in proportion to share of ·each, though at time of execution of bonds neither surety knew of the other, in view of Rev. Civ. Code, art. 3058, and surety on bond given first is not liable to other surety for full amount.

**3. Principal and surety ⬤⟿194(1)—Suretyship; conventional subrogation of one surety immaterial as to right to recover from another surety.**

Where two separate bonds were executed covering same indebtedness and securing same person, surety under one bond who paid creditor the indebtedness pending suit against the other surety gained no right to recovery of full judgment against the other surety ·by rea-

son of a conventional subrogation, in view of Rev. Civ. Code, art. 3058.

**4. Principal and surety ⬤⟿196—Surety held not entitled to recover against one of two sureties on another bond the shares of both.**

Surety in one bond covering same persons and debt as another bond, which was solidary, signed by two sureties, could not proceed against one of such sureties for share of both and require him to collect one-half from his cosurety under Rev. Civ. Code, art. 3058.

Suit by Mumford Phillips and the Globe Indemnity Company against Henry R. Pedarre. From a judgment of the Court of Appeal modifying a judgment in its favor, the Indemnity Company brings certiorari or writ of review. Affirmed.

Monroe & Lemann and Walter J. Suthon, Jr., all of New Orleans, for relator.

John C. Davey and Edward Dinkelspiel, both of New Orleans, for defendant.

By the WHOLE COURT.

OVERTON, J. In September, 1915, Gibson, Hamilton & Co., a partnership, entered into a contract with the United States for the construction of levees in Adams county, Miss. In order to obtain the contract, it was necessary that the firm furnish a bond to secure the government, and also to protect those furnishing labor and material for the construction of the levees. U. S. Comp. Stat. § 6923; 8 Fed. Stat. Anno. § 6, pp. 374, 375. Accordingly, Gibson. Hamilton & Co. furnished a bond for $12,600, signed, in solido, by Henry R. Pedarre, the defendant herein, and by Baker Stewart, who is not a party to this suit, as sureties. In October, 1915, Gibson, Hamilton & Co. leased from Lambert Bros., of St. Charles parish, La., a number of mules and scrapers to be used in the construction of the levees which the firm had contracted with the government to build. Although the bond signed by Pedarre and Baker as sureties was sufficient, in law, to secure Lambert Bros. for leasing the mules and scrapers to

Gibson, Hamilton & Co., yet Lambert Bros., in letting the equipment to that firm, demanded of it a bond to secure the rent that would fall due, and accordingly Gibson, Hamilton & Co. furnished Lambert Bros. a bond for $4,000, for that purpose, with the Globe Indemnity Company as surety. Gibson, Hamilton & Co. failed to pay all of the rent due for the mules and scrapers. Lambert Bros., therefore, instituted suit against that firm, and against its surety, the Globe Indemnity Company, in the civil district court for the parish of Orleans, in February, 1916, for the rent claimed by them as due. That suit terminated in 1917, in the Court of Appeal for the Parish of Orleans, where judgment was rendered in favor of Lambert Bros. and against Gibson, Hamilton & Co. as principal, and the Globe Indemnity Company as surety, for $1,267.25, with interest and costs.

Prior to the rendition of judgment in the Court of Appeal, Gibson, Hamilton & Co. completed their levee contract, and obtained a settlement from the government. Some nine months after that settlement, S. Geisenberger and J. J. Friedler instituted suit, in the United States District Court for the Southern District of Mississippi, on the first bond given by Gibson, Hamilton & Co.; the title of the suit being United States ex rel. S. Geisenberger and J. J. Friedler v. O. A. Gibson et al.

In the beginning of 1918, Lambert Bros., in a further effort to collect the rentals due them, intervened in the Mississippi suit, naming, as defendants, the members of the firm of Gibson, Hamilton & Co. and also Baker Stewart and Henry R. Pedarre, the latter two being the sureties on the first bond given by Gibson, Hamilton & Co. During the pendency of their intervention in the United States District Court for Mississippi, Lambert Bros. caused a writ of fieri facias to issue from the judgment procured by them in the Court of Appeal for the Parish of Orleans, under which writ the sheriff of the parish of West Feliciana seized certain real estate belonging to F. O. Hamilton, a member of the firm of Gibson, Hamilton & Co.; and, while the intervention was still pending in Mississippi and the seizure was still pending in Louisiana, the Globe Indemnity Company, which had been condemned as surety with its principal in the Court of Appeal for the Parish of Orleans, paid the judgment in favor of Lambert Bros. and received from that firm the following subrogation:

"Lambert Bros. v. Gibson, Hamilton & Co. and Globe Indemnity Co. of New York, In Solido.

"Receipt is hereby acknowledged by Lambert Bros., plaintiffs in the above numbered and entitled cause, from the Globe Indemnity Company of New York, of the sum of fourteen hundred and sixty-one and $41/100$ dollars, being amount due Lambert Bros. under the judgment of the civil district court in the above entitled and numbered matter, as amended by the Court of Appeal, with interest and costs. This payment is made by the Globe Indemnity Company as surety for Gibson, Hamilton & Co. Lambert Bros. hereby expressly recognizes and confirms the right of subrogation of the Globe Indemnity Company in and to all rights, claims, liens and privileges against Gibson, Hamilton & Co., the principal debtors of said Lambert Bros., including particularly the rights, claims, liens and privileges of said Lambert Bros. against Messrs. Baker Stewart and Henry Pedarre, sureties upon the bond executed, in favor of the United States by Gibson, Hamilton & Co. to secure the performance under which the claim of Lambert Bros. arose; and the Globe Indemnity Company is hereby expressly subrogated, without prejudice to any of its rights, to all the rights and claims of Lambert Bros. against the said Stewart and the said Pedarre in the United States District Court for the Southern District of Mississippi, at Jackson, under the number 6737."

Shortly over a month after this payment was made and the foregoing subrogation executed, the Globe Indemnity Company collected from Hamilton $700 on the judgment paid by it, in consideration of which payment it released Hamilton's property from the seizure which had been made by Lambert Bros.

After the foregoing subrogation was executed, the intervention of Lambert Bros., in the United States District Court in Mississippi, was prosecuted to judgment, though without substituting the Globe Indemnity Company for Lambert Bros., as interveners, and without disclosing that the Globe Indemnity Company had been subrogated to the rights of Lambert Bros. In short, the intervention was prosecuted as if the Globe Indemnity Company had not paid the claim of Lambert Bros., and had not been subrogated to the rights of that firm. Pedarre, apparently, had no defense to make to the intervention of Lambert Bros.; and, therefore, permitted judgment to go against him by default. In the same proceedings, there was another intervention pending, filed by Mumford Phillips, against which no defense was urged, and upon which judgment was rendered by default. Judgment was rendered upon both interventions jointly for the sum of $2,872.29, the judgment providing that $1,456.70 of this amount was for the benefit of Mumford Phillips, one of the plaintiffs herein, and the balance, $1,415.59, for the benefit of Lambert Bros. The judgment thus rendered has long since become final.

Pedarre failed to pay this judgment, and accordingly the present suit, based upon it, was instituted against him, in the civil district court for the parish of Orleans, by Mumford Phillips and the Globe Indemnity Company, jointly; the latter suing as assignee and subrogee of Lambert Bros. Phillips' claim was paid by Pedarre after the filing of this suit, and hence Phillips no longer has any interest in the result of this litigation, and the suit is now one between the Globe Indemnity Company, the surety demanded by Lambert Bros., as plaintiff, and Pedarre, one of the sureties furnished by Gibson, Hamilton & Co., as defendant.

In the civil district court for the parish of Orleans, judgment was rendered, in the present case, in favor of the Globe Indemnity Company against Pedarre for the sum of $1,415.29, subject to a credit of $700, of date March 6, 1918; this credit being the amount heretofore stated as the sum collected by the Globe Indemnity Company from Hamilton. Judgment was also rendered in favor of the Globe Indemnity Company against Pedarre for $47.93, the costs incurred in the proceedings in the United States District Court for the Southern District of Mississippi; and for 5 per cent. per annum interest on the amounts for which judgment was rendered, the interest to run from May 16, 1918, until paid.

On appeal taken by Pedarre to the Court of Appeal for the Parish of Orleans from the foregoing judgment, the Globe Indemnity Company contended that, as assignee and subrogee of Lambert Bros., it was entitled, by virtue of the full faith and credit clause of the federal Constitution, to judgment against Pedarre on the judgment, forming the basis of this suit, rendered against Pedarre in favor of Lambert Bros, in the Mississippi federal court. The Court of Appeal, however, thought otherwise, and therefore overruled this contention. Having overruled it, the appellate court proceeded to ascertain whether the Globe Indemnity Company was entitled to judgment at all, and, having found that it was, proceeded to ascertain the amount to which the Globe Indemnity Company was entitled, and reached the conclusion that it was entitled to only a proportionate part of the full amount claimed by it, for which full amount the civil district court had rendered judgment, and accordingly reduced the amount of the judgment of the civil district court, against Pedarre, to $6300/16600$ of the amount rendered by that court.

In due course, the Globe Indemnity Company made application to this court for a writ of review from the judgment rendered by the Court of Appeal. The writ was grant-

156 La.—17

ed. The applicant submits to us for determination the following questions, to wit:

"1. Is the Globe Indemnity Company entitled to recover herein, upon the Mississippi federal court judgment, nominally in favor of Lambert Bros., by virtue of the full faith and credit clause of the Constitution of the United States, to the same extent as if said judgment had been actually rendered in its favor?

"2. If the Globe Indemnity Company is not entitled to recover the full amount of its claim upon the ground above stated, is it not in any event entitled to recover to that extent by virtue of its legal rights under the subrogation to it from Lambert Bros. of the claim of the latter against Pedarre?

"3. If the Court of Appeal is correct in holding that the Globe Indemnity Company is entitled to only proportional, and not to full, recovery against Pedarre, is not the Globe Indemnity Company in that event entitled to recovery against Pedarre for twice as much as was allowed by the Court of Appeal?"

[1] Taking up for consideration the first question submitted, we may say that we are not of the opinion that the Globe Indemnity Company is entitled to recover from Pedarre on the judgment rendered against him in favor of Lambert Bros. by virtue of the full faith and credit clause of the Constitution of the United States. True, the federal court had jurisdiction of the case in which the judgment was rendered, and therefore the validity of the judgment rendered by it is beyond question. However, the Globe Indemnity Company was not a party to that suit. While it had paid with conventional subrogation the judgment rendered in the state court against it and its principal, Gibson, Hamilton & Co., before the rendition of judgment on the same debt in the United States court, yet it did not see proper to disclose the fact by causing itself to be substituted in place of Lambert Bros., as intervener, or by proceeding in such a manner as to notify Pedarre that it claimed to have acquired ownership, by subrogation or otherwise, of the whole, or any part, of the claim of Lambert Bros. against him and Stewart, as sure-

ties. Hence Pedarre was in no position to have availed himself of any defense he might have had against the Globe Indemnity Company, but which he did not have against Lambert Bros. Under the circumstances, not to permit Pedarre to urge such defenses, when he is confronted with the judgment of the United States District Court, with the Globe Indemnity Company as the asserted owner thereof, would be to condemn him without a hearing. We do not mean to say that the Globe Indemnity Company did not have the right to proceed as it did after making payment and obtaining the subrogation, for it did have that right. 5 C. J. p. 981, §§ 176, 177; Succession of Delassize, 8 Rob. 259; Towne v. Couch, 7 La. Ann. 93. We do mean to hold, however, that, having thus proceeded, the effect of the judgment recovered was not to cut Pedarre off from any defenses which he might have against the Globe Indemnity Company, but which he could not have urged against Lambert Bros. We see nothing in this ruling contrary to the rulings in Fauntleroy v. Lum, 210 U. S. 230, 28 Sup. Ct. 641, 52 L. Ed. 1039; Hampton v. McConnel, 3 Wheat. 234, 4 L. Ed. 378; U. S. v. California & Oregon Land Co., 192 U. S. 355, 24 Sup. Ct. 266, 48 L. Ed. 476; and Tilt v. Kelsey, 207 U. S. 43, 28 Sup. Ct. 1, 52 L. Ed. 95, cited by the Globe Indemnity Company.

[2] Before considering the second question submitted by the Globe Indemnity Company, we shall pass upon a question raised by Pedarre, which is closely related to that question. Pedarre urges that the bond signed by the Globe Indemnity Company is a separate and distinct bond from the one signed by him and Baker, and hence that payment made by the Globe Indemnity Company, in satisfaction of the judgment rendered against that company, as surety, on the bond signed as such by it, does not entitle the company to recourse against him and Stewart.

The indebtedness, to secure the payment of

which the Globe Indemnity Company signed the bond, as surety, in favor of Lambert Bros., for Gibson, Hamilton & Co., was covered by the bond given, under the act of Congress, cited supra, by Gibson, Hamilton & Co. to protect the United States and to secure those furnishing labor and material for the construction of the levees. Illinois Surety Co. v. John Davis Co., 244 U. S. 376, 37 Sup. Ct. 614, 61 L. Ed. 1206; Title Guaranty & Trust Co. v. Crane Co., 219 U. S. 24, 31 Sup. Ct. 140, 55 L. Ed. 72; Brogan v. National Surety Co., 246 U. S. 257, 38 Sup. Ct. 250, 62 L. Ed. 703, L. R. A. 1918D, 776. Hence both bonds secure the same indebtedness, due by the same debtor; that is, to the extent of that due Lambert Bros. To that extent, therefore, the Globe Indemnity Company, Stewart Baker, and Henry R. Pedarre may be said to be cosureties. True, the obligation of the Globe Indemnity Company was executed at a different time and on a separate sheet of paper from the one executed by Baker and Pedarre and perhaps at a time when that company did not know that Stewart and Pedarre had signed a bond as sureties, which included the same indebtedness, but these facts make no difference. That they make none, we think, appears from the following authorities:

Article 3058 of the Revised Civil Code of this state is a transcript of article 2033 of the Code Napoléon. Our article reads that:

"When several persons have been sureties for the same debtor and for the same debt, the surety who has satisfied the debt, has his remedy against the other sureties in proportion to the share of each; but this remedy takes place only, when such person has paid in consequence of a lawsuit instituted against him."

Troplong, in his work on Suretyship, in commenting on the recourse of sureties, and on article 2033 of the Code Napoléon, our article 3058, says:

"But against what sureties has the one who paid recourse? He has his recourse against all those who, like him, have lent their suretyship. It matters not that this suretyship has not been given simultaneously; it matters not that they have been given by separate and successive acts. Article 2033 is general; it makes no distinction; reason besides demands none." Troplong, Suretyship. No. 426.

See, also, 7 Dalloz Rép. Lég. p. 587, No. 289.

And again Marcade (Paul Pont) vol. 9, p. 160, S. III, in commenting on article 2033 of the Code Napoléon, our article 3058, says:

"The recourse under article 2033 takes place against all the sureties bound for the payment of the same debt, whatsoever may be the date of their respective engagements. It matters little that the sureties should have bound themselves at the same time, or before, or after the one who has paid; that they bound themselves by one and the same act, or successive and distinct acts; recourse takes place in all cases, the law making no distinction. Thus Peter binds himself as surety this day for Paul after Joseph had already bound himself as his surety for the same debt a year before. Peter pays Paul's debt in one of the instances mentioned in 2032; he may hold Joseph by virtue of article 2033, just as if he had bound himself conjointly with Joseph and by the same act."

And such appears to be the law in other jurisdictions. In Woods, Byles on Bills and Notes (8th Ed.) p. 390, it is said:

"And though the same debt be secured by different instruments, executed by different sureties, and though one portion of the debt be secured by one instrument, and one by another, and different sureties execute each, still there is mutual contribution; nay, even though the surety seeking contribution did not, at the time of the contract, know that he had any cosureties. For the right of a cosurety to enforce contribution does not depend upon contract, but upon the equity of the case."

For the foregoing reasons, we conclude that the Globe Indemnity Company has its recourse against Pedarre. In so concluding, we may say that we have not overlooked the cases of Old v. Chambliss, 3 La. Ann. 205; Crow v. Walsh, 3 La. Ann. 541; and Union National Bank v. Legendre, 35 La. Ann. 787,

cited by Pedarre. We have carefully examined those cases, but think it clear that they are not pertinent.

We shall now consider the second question submitted by the Globe Indemnity Company, which, as will be recalled, is: Is not that company entitled to recover the full amount of the judgment paid by it under the subrogation from Lambert Bros.? The Globe Indemnity Company relies on the case of Howe v. Frazer, 2 Rob. 424, to support its contention that it had the right to recover from Pedarre the full amount of the judgment paid, with subrogation, by it. In the Howe Case, Vaudry signed, as surety for Frazer, a bail bond in a suit instituted by Howe against Frazer. Howe recovered judgment against Frazer. The latter appealed, and Walker signed his appeal bond, as surety. The judgment appealed from was affirmed. Howe then obtained judgment on the bail bond. Walker, who had signed the appeal bond as surety for Frazer, paid Howe the amount of the judgment rendered against Frazer. Having done so, Walker contended that he was subrogated by operation of law to all of Howe's rights against Vaudry, the surety on the bail bond.

The court upheld Walker, in his contention, under the third paragraph of article 2157, now article 2161, of the Civil Code, which provides that subrogation takes place of right "for the benefit of him who, being bound with others, or for others, for the payment of the debt, had an interest in discharging it." The court took the view that it was not clear that Walker and Vaudry had bound themselves with each other, for the reason that they had not bound themselves together, but held that they were bound for the same debt, and that this formed a third and implied category, giving rise to subrogation, in the paragraph from the codal article, quoted above. The court expressed the view that subrogation is implied in favor of the surety, who last binds himself, against the one who is first bound,

for the reason that the surety first bound guarantees his principal's solvency, and the surety last bound has the right to act on that guarantee, and accordingly held Vaudry liable to Walker for the full amount of the bond signed by the former.

The Howe Case supports the position taken by the Globe Indemnity Company; and, if the case was correctly decided, entitles that company to recover judgment against Pedarre for the full amount of the judgment it paid. We think, however, that the case was incorrectly decided. The court recognized that Vaudry and Walker were sureties for the same debt, and it is manifest that they were sureties for the same debtor. These facts would seem to bring the case directly within the provisions of article 3058 of the Civil Code, quoted above, which provides that when several persons are sureties for the same debt and for the same debtor, the surety who has satisfied the debt has his recourse against the other sureties, not for the full amount of the debt, but in proportion to the share of each. The court, however, stressed the fact that Walker was the last to sign; and the conclusion reached seems to have been largely, if not entirely, influenced by that fact. But we have seen from the authorities cited above, in disposing of Pedarre's contention, that it is immaterial which of the sureties signed last, or whether they became sureties by signing different acts. As observed by Troplong, in commenting on article 2033 of the Code Napoléon, whose comments are equally applicable in respect to article 3058 of our Code, and are given above, article 2033 makes no distinction as to which of the sureties signed first or last, or whether they signed by successive acts, and, moreover, reason demands none. As observed by the Court of Appeal, the Howe Case seems to stand alone. In our view the case was incorrectly decided, and should be overruled.

[3] Before passing from this phase of the case, we should observe that the subrogation of the Globe Indemnity Company to the rights of Lambert Bros. is not only subrogation by operation of law, but is conventional also, and, moreover, purports to expressly subrogate that company to all of the rights of Lambert Bros. against Pedarre and Stewart. The fact, however, that the subrogation is conventional, as well as legal, adds nothing to it. It does not, for that reason, give, and cannot give, to the surety, who has paid, the right to pursue his cosureties for a greater amount than their proportionate share. Dalloz Répetoire de Législation, vol. 7, p. 587, No. 291. The fact that the act purports to subrogate the Globe Indemnity Company to all of the rights of Lambert Bros. against Pedarre and Stewart cannot be given the effect of entitling the company to recover more from its cosureties, or either of them, than it could recover otherwise. The company cannot, in that manner, relieve itself of its part of the burden. See, in this connection, 32 Cyc. p. 289, VI.

Our conclusion is, therefore, that the Globe Indemnity Company has the right to recover from Pedarre his share of the debt paid by the company, and not the full amount thereof.

[4] The Globe Indemnity Company, however, contends, and this constitutes the third question submitted to us, that the Court of Appeal, even upon the foregoing theory, should have allowed it twice as much against Pedarre as that Court did allow it, leaving it to Pedarre to collect one-half of that amount from his co-surety, Stewart, who, as we have observed, is not a party to this suit. The company so contends, because the bond signed by Stewart and Pedarre is solidary. The Court of Appeal ascertained the amount to be contributed by Pedarre to the Globe Indemnity Company on the basis that Stewart and Pedarre, who had signed a solidary bond for $12,600, were liable, between themselves, for $6,300 each, and the Globe Indemnity Company for $4,000, the amount of the bond signed by it. The court, therefore, allowed the company $6300/16600$ of its claim, which claim is the amount of the. judgment paid by the company including certain costs and interest, subject to the credit of $700, collected from Hamilton. We find no error in the amount allowed by the Court of Appeal. Because the bond signed by Stewart and Pedarre was a solidary one doe$ not entitle the Globe Indemnity Company to proceed against one of its sureties for more than his share, leaving it to the latter to collect one-half of the amount recovered from him from the remaining surety. Civil Code, art. 3058.

For the foregoing reasons, which are substantially those of the Court of Appeal, we think that the judgment, under review, is correct.

It is therefore ordered, adjudged, and decreed that the writ of review that issued herein be recalled, and, accordingly, that the judgment of the Court of Appeal be affirmed at the costs of the applicant.

LECHE and THOMPSON, JJ., take no part, not having been members of court when this case was submitted.

Rehearing refused by the WHOLE COURT.