### BERTUCCI v. ARJONILLA.*

#### No. 16384.

Court of Appeal of Louisiana. Orleans.

Feb. 8, 1937.

*Rehearing denied March 22, 1937.

Melvin P. Barre, of New Orleans, for appellant.

Henry & Cooper and Henry, Suthon & Kelleher, all of New Orleans, and Ernest M. Conzelmann, of Gretna, for appellee.

McCALEB, Judge.

The plaintiff, the owner of a Pontiac sedan automobile, alleges that, on July 18, 1932, at about 4:30 p.m., her automobile was being driven on the Jefferson Highway by her brother, Joseph Bertucci, in a cautious manner and at a speed of approximately 25 miles per hour, proceeding from the direction of New Orleans, La., towards Kenner, La., on the right hand or lake side of the said highway. She avers that, as her automobile approached the intersection of the Jefferson Highway and the Shrewsbury road in the parish of Jefferson, the speed thereof was slackened and at that time her brother saw a Chevrolet automobile being driven by the defendant, Rev. Sebastian Arjonilla, on the Shrewsbury road proceeding from the lake in the direction of the Mississippi river; that the defendant reduced the speed of his automobile, indicating that his car would be brought to a complete stop before entering the Jefferson Highway, and that plaintiff's brother believed that such was the case; that just as plaintiff's car was about to enter said intersection, the defendant, instead of stopping his car, speeded forward into the said intersection in a careless and reckless manner without having first stopped, as required by law, and collided with the right front and right side of plaintiff's automobile, causing it to be shunted towards the left or across the Jefferson Highway into a ditch on the Mississippi river side of said highway. Plaintiff claims that the accident was caused through the negligence and carelessness of the defendant and that as a direct result thereof her automobile has been damaged in the sum of $149.50; that the car has been depreciated in value to the extent of $250; and she further prays for an allowance of the sum of $100 for the loss of its use while it

was being repaired. The total demand, for which recovery is sought, is $499.50.

The defendant answered, admitting the happening of the collision but denying that he was guilty of fault in the premises. On the contrary, he avers that the accident was caused solely through the lack of prudence and care of plaintiff's brother, in that he was operating plaintiff's automobile, on the wrong side of the Jefferson Highway, at a speed of 50 miles per hour. Defendant further alleges that he was driving his Chevrolet car in an orderly fashion upon the Shrewsbury road in the direction of the Mississippi river; that when he arrived near the intersection of the Jefferson Highway and the Shrewsbury road, he retarded the speed of his vehicle to approximately five miles per hour and looked in both directions for traffic traveling in the Jefferson Highway; that it was his intention to turn into the Jefferson Highway and proceed in the direction of New Orleans; that when he arrived at the intersection, the roadway being clear, he attempted to make a left hand turn; that he had pre-emptied the intersection and had almost completed the turn into the direction of the city of New Orleans when the car of the plaintiff, proceeding on the wrong side of the Jefferson Highway at a high rate of speed, collided head on into the front portion of his car and knocked his automobile back into the intersection of the Shrewsbury road and the Jefferson Highway. Defendant further alleges, in the alternative, that if the court should find him guilty of negligence in any respect the plaintiff was guilty of contributory negligence which was the proximate cause of the accident. He further filed a reconventional demand, in which he avers that as a direct consequence of the collision, his Chevrolet automobile was damaged in the sum of $175.80, and prays for judgment against the plaintiff in that amount.

Upon the issues presented, evidence was heard, and the district judge dismissed plaintiff's suit and also rejected the defendant's reconventional demand. The plaintiff has appealed from the judgment of dismissal, and the defendant has answered the appeal, praying that the judgment on the main demand be affirmed but that the judgment rejecting his reconventional demand be reversed.

The contest presents solely questions of fact, and as is invariably the case in this type of suit, the evidence of the plaintiff and that of the defendant is in hopeless conflict. It therefore becomes necessary to review the statements of the parties in connection with the physical facts of the case in order to arrive at the just solution.

The Jefferson Highway begins in the city of New Orleans and runs westward towards the town of Kenner, La. It is a paved traffic route and has been designated as a part of Highway No. 61 by the United States Government. At or near a small settlement known as Shrewsbury, this highway intersects with a road known as the Shrewsbury road which crosses it at right angles. The Shrewsbury road connects with the Metairie road and extends from Metairie Ridge to the Mississippi river. The road is paved from Metairie Ridge to the point of intersection wth the Jefferson Highway and is graveled from its river side intersection with the Jefferson Highway to the Mississippi river. It is a subordinate road to the Jefferson Highway and, according to the preponderance of evidence presented at the trial below, there is a stop sign placed near its intersection with the Jefferson Highway, which prohibits traffic from entering the Jefferson Highway without first coming to a full and complete stop.

Joseph Bertucci, the driver of plaintiff's car, testified, in substance, that he was proceeding along the Jefferson Highway at a speed of approximately 25 to 30 miles per hour, and as he approached the intersection of the Jefferson Highway and the Shrewsbury road, he noticed the defendant's automobile traveling along the Shrewsbury road in the direction of the Mississippi river. He says that at the time he noticed the defendant's car, it slowed down, which led him to believe that the defendant would stop, in obedience to the traffic regulations, before entering the intersection. He relates that, being convinced that defendant would stop, he proceeded on, but that, notwithstanding, the defendant, suddenly and without warning, increased the speed of his car and attempted to make a left hand turn into the intersection just at the time plaintiff's car arrived thereat. The witness claims that the act of the defendant in not stopping at the intersection created such an emergency as to make the collision inevitable; that the right front and side of plaintiff's car were struck by the left front and side of the defendant's car which caused plaintiff's car to be shunted towards the left and to cross the Jefferson Highway, where it came to a stop, facing in the direction of the river, with its front wheels in a ditch situated on the left or river side of said highway. He further says that the impact caused the defendant's car to

continue across the intersection into the river side of the Shrewsbury road where it stopped, facing in the direction of the river.

The testimony of Joseph Bertucci is substantially corroborated by his brother, Peter Bertucci, his sister, Mrs. Mary Mmahat, and the plaintiff. Peter Bertucci occupied the front seat in plaintiff's car next to the driver, and Mrs. Mmahat and the plaintiff were seated in the rear.

Plaintiff also produced a disinterested witness, one Breckendorf, who testified that, at the time of the accident, he was walking on the lake side of the Jefferson Highway in the direction of New Orleans; that when he reached a point between 50 and 100 feet of the Shrewsbury road, he noticed plaintiff's car traveling towards Kenner at a moderate rate of speed on the right hand or proper side of the highway. He says that he also saw the defendant's car proceeding on the Shrewsbury road. He observed the defendant slow down near the intersection and watched him pick up speed and attempt to turn into the intersection directly in the path of plaintiff's car. This witness also corroborates the testimony of plaintiff's other witnesses with respect to the positions of the automobiles after the accident occurred.

A highway policeman, named Gus E. Cucullu, also testified for the plaintiff. He relates that he did not see the accident, having arrived at the scene shortly after it occurred. He supports the statements of plaintiff's witnesses respecting the positions of the cars after the accident. He further says that there were skid marks on the pavement from the lake side to the river side of the highway, on an oblique angle for a distance of approximately 30 to 35 feet, from the point of the collision extending to where plaintiff's car stopped, and that these skid marks were evidently caused by the right front tire of plaintiff's car, which was blown out at the time of the impact. He also corroborates the testimony of plaintiff and her witnesses to the effect that there was a stop sign, situated on the Shrewsbury road near its intersection with the Jefferson Highway, at the time the accident occurred.

On the other hand, the evidence of the defendant portrays an entirely different set of facts and circumstances respecting the occurrence of the accident. He disagrees with the statement of plaintiff's witnesses that there was a stop sign situated on the Shrewsbury road and says that this stop sign was placed there sometime after the

happening of the accident. His version of the accident is as follows:

That he had been traveling on the Shrewsbury road at a speed of between 25 and 30 miles per hour; that, as he neared the intersection of the Shrewsbury road with the Jefferson Highway, he slowed down the speed of his car to approximately 10 or 15 miles per hour, it being his intention to turn into the Jefferson Highway and proceed in the direction of New Orleans; that before he entered the intersection he had looked towards Kenner and towards New Orleans for traffic traversing the Jefferson Highway and, seeing none, proceeded forward and had just about completed a left-hand turn into the Jefferson Highway and had almost straightened his car in the direction of New Orleans, when he was confronted by the presence of the plaintiff's car traveling on the left-hand or wrong side of the Jefferson Highway in the direction of Kenner; that plaintiff's car struck his automobile almost head on, knocking it backwards and sidewards so that, after the collision occurred, it came to a stop on the river side of the Shrewsbury road, at its intersection with the Jefferson Highway, facing obliquely towards the river. He further says that the impact of the two cars caused the plaintiff's car to swerve completely around in the Jefferson Highway so that, when it came to a stop, it had made a complete circle and rested with its front wheels in the ditch on the river side of the highway facing obliquely towards the river and the city of New Orleans.

The defendant's testimony is partially corroborated by a Mrs. Horil, who owns a gasoline station situated on the lake and Kenner side corner of the intersection of the Shrewsbury road and the Jefferson Highway. She was standing in the front of her place of business at the time the accident occurred, but she states that just as soon as she saw that the collision was about to occur, she turned her back as she did not want to see it. A reading of her testimony leaves us with the impression that she has drawn conclusions in her own mind as to the occurrence, which are not justified by her actual observation.

The physical facts of the case decidedly support the theory of the plaintiff as to the manner in which the accident occurred. Plaintiff's car was damaged on its right front and side. The defendant's car was damaged on its left front and side. This would indicate that the automobiles arrived

at the intersection at or near the same time. The positions of the cars after the accident show that the plaintiff's car was evidently swerved to the left in order to avoid the impending collision and that the momentum of the defendant's car, together with the impact, caused it to be shunted farther towards the left and stop in the ditch on the river side of the Jefferson Highway. The defendant was attempting to turn left into the Jefferson Highway, and the impact prevented him from negotiating the turn so that his car proceeded across the highway and came to rest in the graveled portion of the Shrewsbury road, facing towards the river. It is impossible for us to reconcile the theory of the defendant as to the happening of the accident, when considered in connection with the physical facts of the case, for if the accident occurred in the fashion described by him, the front and left side of plaintiff's car would have been damaged. Moreover, it is inconceivable to us how the defendant could have failed to see the plaintiff's car prior to his entrance in the intersection, if he had been exercising a proper lookout. The bay was clear and his vision was unobstructed.

The evidence does not justify the conclusion that plaintiff's automobile was being operated at an excessive rate of speed. The only testimony respecting the excessive speed of plaintiff's car is the surmise of the defendant himself, who says that it must have been going at a rate of 50 miles per hour or more because he observed skid marks on the highway for a distance of 60 to 75 feet at or near the point of the collision.

We are of the opinion that the accident was caused solely through the fault of the defendant in risking an entrance into the highway without stopping, and in failing to see plaintiff's automobile traveling thereon. We find that the driver of plaintiff's car was free from negligence and, further, that the action of the defendant (in slowing down the speed of his car as he approached the intersection) was such as to warrant the belief that he would stop before attempting to enter the intersection.

We next consider the quantum of damages. The item of $149.50, representing the actual damage to plaintiff's car, is amply proved by the evidence and we will permit the recovery of it.

The item of $100, claimed by plaintiff for the loss of use of her car while it was being repaired, is not substantiated by proof and recovery is therefore denied.

The remaining item is for $250, being the alleged depreciation in value of plaintiff's car as a result of the collision. Plaintiff failed to submit any testimony to show that her car, after being repaired, was not worth as much as it was prior to the happening of the accident. Under these circumstances, we are unable to determine that her car has depreciated in value at all. The claim is hence disallowed.

For the reasons assigned, the judgment appealed from, in so far as it rejects plaintiff's demand, is reversed, and it is now ordered, adjudged, and decreed that there be judgment herein in favor of the plaintiff, Theresa Bertucci, and against the defendant, Rev. Sebastian Arjonilla, in the full sum of $149.50 with legal interest thereon from judicial demand until paid.

It is further ordered, adjudged, and decreed that the judgment denying recovery to the defendant, Rev. Sebastian Arjonilla, on his reconventional demand is hereby affirmed.

It is further ordered that defendant be taxed with all costs of court.

Reversed in part; affirmed in part.

JANVIER, J., absent, takes no part.