PONDER, Justice.
 

 The plaintiff, William Pike Burden, Jr., seeks to recover from the defendants, Capitol Stores, Inc., Willie Fritz, one of its employees, and the Massachusetts Bonding and Insurance Company, insurance carrier of the Capitol Stores, Inc., on its automobile trucks, the sum of $33-,099.79 as damages for personal injuries and damage to his automobile which he claims were occasioned by an intersectional collision, occurring at the corner of Julia and St. Napoleon Sts. in the City of Baton Rouge, when the car driven by the plaintiff, traveling east on Julia St. and the truck belonging to the defendant, Capitol Stores, Inc., driven by Willie Fritz, its employee, traveling north on St. Napoleon St. collided. On trial of this case, the Lower Court gave judgment in favor of the defendants, rejecting the plaintiff’s demands and dismissing the suit. On appeal, the judgment was affirmed by the Court of Appeal for the First Circuit. 4 So.2d 62. A Writ of
 
 *332
 
 Review having been granted, the matter is now submitted for our determination.
 

 . Counsel for the plaintiff contends that the Court of Appeal erred in holding that the plaintiff was not entitled to rely on the conduct of the defendant employee, Willie Fritz. The position is taken that it is the well settled law of this State that the driver of a motor vehicle is warranted in relying on the belief that the driver of an approaching vehicle on an intersecting street should stop to give the driver of the first vehicle the right of way to which he is entitled, when the driver of the approaching vehicle had slowed down or decreased his speed in such a manner as to clearly indicate that he intended to bring his vehicle to a stop.
 

 The contention is not borne out by the facts in this case. Both the Trial Court and the Court of Appeal reached the conclusion that the accident was due to the negligence of the drivers of both cars, the plaintiff, William Pike Burden, Jr., and the defendant, Willie Fritz, employee of the Capitol Stores. We have carefully reviewed the testimony and arrive at the same opinion. The facts are fairly stated in the opinion handed down by the Court of Appeal. 'See this case, 4 So.2d 62. We can see no purpose gained in restating them.
 

 The plaintiff takes the position that the holding in the case of Bertucci v. Arjonilla, La.App., 172 So. 445, is contrary to the finding of the Court of Appeal in this case. In Bertucci v. Arjonilla, supra, the accident was caused by the sole negligence of the defendant. The authority cited is not applicable for the reason that in the present case, the accident was caused by the negligence of the drivers of both cars.
 

 Counsel for the plaintiff further contends that the Court of Appeal erred as a matter of law in not holding'that the Baton Rouge City Ordinance, giving Julia St., a street running east and west, the right of way over St. Napoleon St., a street running north and south, should transcend the State Highway Regulatory Act, Act 286 of 1938, Title 2, § 3, Rule 11, which provides that when two vehicles approach or enter an intersection at approximately the same time, the driver approaching from the right shall have the right of way.
 

 The Trial Court as well as the Court of Appeal was of the opinion that, irrespective of which driver was entitled to the right of way, the drivers of both cars were negligent. Our appreciation of the testimony leads us to the same conclusion. The jurisprudence of this State is well settled that neither of two parties, both of whom were at fault, can recover damages for injuries caused by the other’s negligence. In fact, this principle of law is so well settled in our jurisprudence that citation of authority is not necessary.
 

 For the reasons assigned, the judgment of the Court of Appeal for the First Circuit is affirmed.
 

 O’NIELL, C. J., dissenting.