CULPEPPER, Judge.
This is a suit by Estamae Bailen Stutes against Bankers Fire & Marine Insurance Company, plaintiff’s collision insurer, to recover the sum of $3,349.52 representing the value of a 1958 4-door Nash Ambassador (also called a Rambler) automobile. It is plaintiff’s position that this vehicle is a total loss as a result of an. accident which occurred on or about January 19, 1959. The defendant insurer contends that the automobile could have been repaired, so as to place it in the same condition it was before the accident, for the sum of $1,322.77, which amount, less $50 deductible under the terms of its policy, was offered to plaintiff in full settlement of her claim.
The lower court found that the automobile could not be repaired so as to place it in the same condition that it was before the accident, that is, that the vehicle was a total loss, and awarded plaintiff judgment in the sum of $2,358.87. From said judgment the defendant has taken this appeal.
*138 The policy provides that defendant shall “pay for loss caused by collision to the owned automobile * * * in excess of the deductible amount stated * * As to limit of liability, the policy states:
“Limit of Liability: The limit of the company’s liability for loss shall not exceed the actual cash value of the property, or if the loss is of a part thereof the actual cash value of such part, at time of loss, nor what it would then cost to repair or replace the property or such part thereof with other of like kind and quality * * * ”
There is no dispute as to insurance coverage, the sole issue being whether the automobile can be replaced by repairing the damage. If the vehicle cannot be restored to its condition as before the accident, then it is a total loss and the liability of the defendant is the actual cash value of the automobile before the accident, less the salvage value of the wreckage. McMahon v. Manufacturers Casualty Insurance Company, 227 La. 777, 80 So.2d 405; Stone v. Commercial Fire & Casualty, La.App., 50 So.2d 327; Foshee v. McGee, La.App., 87 So.2d 754; 5A Am.Jur. 949, Verbo, Automobiles and Highway Traffic, Section 1112-1112; 43 A.L.R.2d 348. If the automobile was not a total loss, that is to say, if it could have been repaired and restored to substantially the same condition in which it was prior to the accident, then the liability of defendant is to pay only for repairs to the vehicle. See the authorities cited above and also Collins v. Employers Liability Assur. Corp., La. App., 116 So.2d 851; Goode v. Hantz et al., 209 La. 821, 25 So.2d 604 and Enga v. Southern Bell Tel. & Tel. Co., La.App., 104 So.2d 275.
The automobile in question had been purchased by the plaintiff in June of 1958 for a total price of $3,581.08 and had been driven a total of 3,631 miles at the ■time of the accident on January 19, 1959. All of the expert witnesses testified that the Rambler automobile is constructed with a “unitized frame”, that is, the frame and body parts are all welded together in one unit, instead of the body being bolted to the frame as in most other types of automobiles. The evidence shows clearly that frame damage to this type of automobile is much more difficult to repair satisfactorily. The evidence is also clear that this particular Rambler automobile sustained severe damage to its frame and body when struck in the center of its right side by another vehicle. The right side of the Rambler was completely caved in and, in the language of the witness, Troy McNabb, “the left side was pushed out * * * generally it was knocked all around out of line, from front to rear.”
Plaintiff called to the witness stand three well qualified experts in the field of automobile repair, all of whom testified positively that in their opinion this automobile could not be repaired so as to restore it in substantially the same condition it was before the accident. The defendant also called to the witness stand three experts in the field of automobile repair who testified that, although the car was extensively damaged, it could be repaired for the price of $1,322.77, after which repairs it would be in substantially the same condition as it was before the accident. In his well considered written opinion the trial judge made a detailed and thorough analysis of this conflicting expert testimony, and, in our opinion correctly concluded as follows:
“Considering all of the evidence and the various factors involved affecting the automobile in question, the Court is of the opinion that the evidence adduced at this trial preponderates in favor of plaintiff, and is to the effect that the Rambler automobile owned by her was a total loss as the result of this collision. Counsel for the defendant argues with considerable force that none of plaintiff’s witnesses prepared a detailed, itemized estimate, as was done by LeBlanc Appraisal Service. It is shown by the record, however, that *139 these people, all of whom are reputable automobile dealers and garage operators, or their employees, in the City of Crowley, did make thorough examinations of this car after the accident, as a result of which they reached the conclusions that it was damaged to such an extent that it could not be replaced in its original condition or in a condition comparable thereto. This is not a question of who is the most proficient estimator, and is not a contest between LeBlanc Appraisal Service and any of the other experts who testified. All of the witnesses were in agreement, with the possible exception of Mr. Ralph Young, that the unitized frame and body is more difficult to repair than the conventional construction employed in building automobiles; in • fact, the experience of these witnesses with unitized frames was in nearly all cases extremely limited. The position taken by plaintiff’s witnesses is supported by the physical facts, the location of the impact, and the effect upon the automobile, and this Court has no hesitancy in reaching the conclusion that this car could not have been satisfactorily repaired.”
Having concluded that the automobile was a total loss, the next issue is the quantum of damages which, as stated above, is the difference between the market value of the vehicle immediately before the injury and the salvage value of the wreckage, at the time and place of the accident. There is ample evidence in the record to support the trial court’s finding that this Rambler automobile had a market value of $3,058.87 at the time of the collision and that the salvage value was $700. The trial judge awarded plaintiff the difference between these two figures, that is the sum of $2,358.-87, but through inadvertence did not take into consideration the $50, deductible under the provisions of the insurance policy. Accordingly, the judgment must be amended by deducting this item and reducing plaintiff’s recovery to $2,308.87.
For the reasons set forth above, the judgment appealed from is amended by reducing it to $2,308.87. Otherwise than as herein amended the judgment of the trial court is affirmed. All costs of this appeal are assessed against the defendant.
Amended and affirmed.