REGAN, Judge.
Plaintiff, Mintz Furniture, Inc., instituted this suit against the defendants,[1] Mike Persia Chevrolet Company, Inc., and its theft insurer, New Amsterdam Casualty Company, endeavoring to recover $3,550.00 representing the value of its automobile which was stolen from the defendant’s premises while the car was being serviced. Plaintiff alleged that although the vehicle was recovered, defendant failed to restore it to its original condition. In addition, *721 plaintiff requested the rendition of a judgment for $340.00, the amount which it expended for the rental of another vehicle for a period of one month.
The defendants answered, admitting liability for the theft; [2] however, they asserted that they repaired the automobile after it was recovered and restored it to its original condition. In view of the fact that the vehicle was tendered to plaintiff after the repairs were made and was not accepted by it, Mike Persia Chevrolet Co. reconvened for $360.00 as storage fees for the year after tender that it remained on their premises.
From a judgment in favor of the plaintiff for $1,693.80, of which $1,480.00 represented the depreciated value of the car as a result of the theft, and $213.80 for rental of a replacement, the defendants have prosecuted this appeal.
The record reveals that plaintiff’s automobile, a 1958 model Chevrolet, was stolen from the defendant automobile dealer’s premises on June 17, 1959, and recovered in a “stripped condition” the following day. The car was returned to Persia’s garage, where John Abadie, an expert automobile repair appraiser, examined it in order to estimate the cost of restoration to its former condition. He related that most of the repair work consisted of replacing parts that the thieves had removed from the car, such as the carburator, tires, hub caps and transmission. It was his opinion that the car could be repaired and restored for $683.67.
Plaintiff’s agent, Herbert Mintz, apparently accompanied Abadie to the Persia garage when he made the estimate and this is the only time he inspected the vehicle until he eventually accepted delivery thereof about a year later.
Fred Legendre, the service manager for Persia, testified that the plaintiff’s car was repaired in conformity with Abadie’s specifications so as to restore it to its original condition and thereafter it was satisfactorily road tested. The vehicle was repaired at the expense of the defendants herein.
On July 30, 1959, the defendant insurer addressed a letter to Mintz’s attorney, informing him that Persia had “ * * * restored the Chevrolet belonging to your client (to its) original condition, and same awaits inspection and delivery to your client. * * * ”
The Mintz corporation is the registered owner of the vehicle; however, the record discloses that it was used exclusively by Herbert Mintz. When he was interrogated relative to the letter tendering the repaired vehicle, he denied that his attorney had called the matter to his attention,
Plaintiff purchased the car in 1958 for $3,550.00. William C. Christian, an insurance adjuster, testified that an automobile is depreciated over a period of five years; thus, in one year it loses 20% of its original value through depreciation. In August 1960, plaintiff sold the Chevrolet for $1,400.00, apparently while it was still on Persia’s premises. This is so because the litigants stipulated that the automobile was claimed from the defendant in September 1960, under an agreement where all parties reserved any rights accruing from the theft. It was further stipulated that Persia’s storage charges are $30.00 per month.
In addition, Sidney Rosenthal, Jr., an insurance agent affiliated with the plaintiff’s theft insurer, testified that Herbert Mintz produced an invoice for $213.80, the amount which he had paid to rent an automobile for one month.
*722 The judgment rendered in plaintiff’s favor was computed in the following manner:
Purchase price of automobile $3,600.00[3] Less one year’s depreciation at 20% 720.00
$2,880.00
Less amount plaintiff received for his car in 1960 1,400.00
Net loss on vehicle 1,480.00
Plus one month’s rental of another car 213.80
Total Judgment $1,693.80
Defendants primarily dispute any award for the loss of value of plaintiff’s automobile, based upon their assertion that k was restored to its original condition at the defendant’s expense.
All of the litigants are obviously in accord with the law applicable in fixing the measure of damages in the instant case, namely, if the vehicle could be repaired and restored to its original condition before the theft, then damages are limited to the cost of repairs. However, if restoration through repair is impossible, then the vehicle must be considered a total loss. In the latter instant, plaintiff would be entitled to damages equal to the market value at the time of the theft minus the salvage value of the automobile.[4]
Therefore, the only issue to resolve in assessing damages, if any are due, is whether the defendants, after the theft, restored the vehicle to its original condition.
The defendants produced unrebutted testimony to the effect that the automobile was repaired and thereby restored to its former condition. While the plaintiff denies this fact, Herbert Mintz admitted that he did not inspect the car after its repair, nor did he produce expert testimony to establish that the car was improperly repaired or to rebut defendants’ witnesses’ assertion that it had been completely restored.
Once the vehicle was tendered, it was incumbent upon the plaintiff to inspect the vehicle and specify in which respects it had not been restored to its original condition.[5]
Therefore, we conclude that plaintiff was not entitled to damages for depreciation because no evidence was adduced to show that the repairs had not effectively restored the vehicle to its former condition. Having failed to carry this burden of proof, plaintiff was not entitled to any further damages for the loss of the vehicle since the evidence preponderates to the effect that the defendants satisfactorily restored it at their own cost.
Defendant next contends that plaintiff was not entitled to a $213.80 award for loss of use of his vehicle during the month it was being repaired. They assert that the evidence is insufficient to establish this as an item of damages.
We are unable to agree with this contention. The record reflects unrebutted evidence to the effect that the plaintiff paid this amount to rent a vehicle while Persia was repairing the stolen car. In addition thereto, the record reveals that more than one month elapsed between the theft and the time when the defendant tendered the vehicle to the plaintiff as fully repaired. Thus, plaintiff was entitled to compensation for the loss of use of his car for at least one month.
Finally, we will consider Persia’s reconventional demand for storage charges amounting to the sum of $360.00. While the defendant, Persia, Inc., retained the vehicle for approximately 13 months after *723 it was tendered to the plaintiff, its counsel admitted in oral argument before this court that the claim for storage was not being seriously pressed. This is perhaps explained by the fact that the vehicle was obviously parked in an unsheltered lot during this interval, and no showing was made that it was attended as would be a vehicle owned by a person who contracted for storage with a compensated depositary whose responsibility is that of an ordinary prudent man using the same diligence in preserving the deposit as he uses in preserving his own property. Therefore, we conclude that the trial court properly dismissed this reconventional demand.
For the reasons assigned the judgment appealed from is amended to reduce the award to plaintiff from $1,693.80 to $213.80. In all other respects, the judgment is affirmed. Plaintiff is to pay the costs of this appeal.
Amended and affirmed.

. Plaintiff originally cited its own theft insurer, Audubon Insurance Company, as a co-defendant and later dismissed this suit.

. The liability of the defendants had been fixed in a previous case entitled “Mintz v. Audubon Insurance Co., et al.”, La.App., 140 So.2d 809, wherein we affirmed a trial court judgment awarding plaintiff, Herbert Mintz, $171.75 to compensate his loss for personal effects stolen from the car. No damages were awarded for the loss to the vehicle because Herbert Mintz was not the owner thereof; therefore, he was not the proper party plaintiff to institute suit for any damage thereto.

. All litigants concede this figure should be $3,550.00.

. Stutes v. Bankers Fire & Marine Insurance Company, La.App., 134 So.2d 136, and cases cited therein.

. Bertucci v. Arjonilla, La.App., 172 So. 445.