433 So.2d 263 (1983)
Joseph L. RICHARD, Jr.
v.
Benjamin N. MORGAN, et al.
No. 82 CA 0673.
Court of Appeal of Louisiana, First Circuit.
May 17, 1983.
Rehearing Denied June 29, 1983.
Gregory D. Frost, Baton Rouge, for plaintiff-appellant Joseph L. Richard, Jr.
Albert Dale Clary, Baton Rouge, for defendant-appellee Safeco Ins. Co. of America.
*264 Charles W. Wilson, III, Baton Rouge, for defendant-appellee Benjamin N. Morgan and Government Employees Ins. Co.
Before PONDER, SAVOIE and CRAIN, JJ.
SAVOIE, Judge.
Joseph L. Richard, Jr., employee and principal shareholder in J & R Distributors, Inc., appeals from a partial summary judgment rendered in favor of defendants, Safeco Insurance Company of America, Benjamin N. Morgan, and Government Employees Insurance Company. This judgment dismisses the demands in paragraph 8 of plaintiff's petition for loss of wages, salaries, and profits, and other business expenses and losses. The sole question on appeal is whether the principal employee and shareholder of an incorporated business, who is injured by the fault of another, is entitled to recover against the tortfeasor for the diminished value of the business due to the employee's injuries.
In an action for damages incurred by a corporation, the corporation itself is vested with the procedural capacity to sue to enforce its rights. C.C.P. art. 690 and C.C. art. 432. Accordingly, the judgment of the trial court is affirmed.
This suit arises from an automobile accident involving plaintiff, Joseph L. Richard, Jr., and defendant, Benjamin N. Morgan.[1] As a result of this accident, plaintiff was injured and unable to attend to his employment duties for a period of time. Plaintiff alleges that his absence resulted in the loss of certain profits to his business, J & R Distributors, Inc. It is on this basis that plaintiff claims the diminution in the value of his business.
In response to plaintiff's claims, the defendants filed a motion for partial summary judgment. Therein, the defendants contend that plaintiff has suffered no loss of wages or salaries. Furthermore, defendants claim that plaintiff has no right of action for the alleged loss of profits or other business expenses and losses alleged to have been suffered by the corporation.
This motion was sustained by the trial court, and judgment was rendered ordering that these demands be dismissed. There were no written reasons for judgment. On appeal, plaintiff argues that he is entitled to recover for the diminished value of his business due to the injuries he received in this accident.[2] We find no merit in this contention.
Corporations are intellectual beings, different and distinct from all the persons who compose them. C.C. art. 435. Corporations must be given a name, and it is in that name that they must sue or be sued, and do all their legal acts. C.C. art. 432. The corporation has the capacity to sue to enforce its rights in the corporate name. C.C.P. art. 690.
Based on these legislative enactments, the proper party plaintiff to sue for the damages sustained by the corporation is the corporation itself. Further, we note the case of Mahfouz v. Ogden, 380 So.2d 646 (La.App. 1st Cir.1979) wherein we held:
"... that plaintiff, who conducted business in corporate form and reaped the benefits of incorporation, cannot sue individually for damages incurred by the corporation,..." (citations omitted).
In the instant case, the suit was brought by Richard, a shareholder of the corporation, in his own name and not in the name of the corporation. As such, the granting of the motion for a partial summary judgment was proper.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs are to be paid by plaintiff.
AFFIRMED.
NOTES
[1] Government Employees Insurance Company was the insurer of Benjamin N. Morgan at the time of the accident. Safeco Insurance Company of America was plaintiff's insurer at the time of the accident.
[2] Plaintiff has not appealed from the dismissal of his claim for lost wages and salaries.