PROVOSTY, J.
In this case, an order of seizure and sale having issued against the defendant company, some of the stockholders of the company have personally appealed therefrom; and the appellee has moved to dismiss the appeal on the ground that the appellants are without pecuniary interest in the premises.
For showing their interest, appellants made the following allegations in their petition for appeal:
“That the plaintiff herein is president of the defendant company, and charged with the duty of preserving and conserving its property and assets, and has no right to acquire and become the holder of the mortgage note herein sued upon for the purpose of using same to divest the company of its property to his own use and advantage.
“That the plaintiff herein failed to exhibit to the court, as provided for by law, any evidence of the authority on his part to execute, as president of the defendant company, the act of mortgage and the mortgage note, which he now makes the basis of his personal demand in this proceeding.
“That there was, in fact, no resolution of the board of directors of the Shirley Planting Company authorizing the president, who is personally the plaintiff in this proceeding, to execute the note and act of mortgage herein sued upon.
“That the plaintiff in this suit, who secured the said order, is president of the Shirley Planting Company. That because of this action on the part of the said president, Dr. W. C. Stubbs, *932 the vice president of the company has resigned, and Dan M. Steele, the secretary treasurer of the company, is the private secretary of J. B. Levert and under his control, so that there is left no officer of the said company to_ take this appeal in its behalf, thus making it incumbent upon your petitioners, stockholders, the first two named being directors of the said company, to take this appeal from the said order of seizure and sale.
“That your petitioners are aggrieved by the said orders of seizure and sale, and desire to appeal devolutivély 'therefrom to the honorable the Supreme Court for the state of Louisiana.”
[1] A corporation is an intellectual being, different and distinct from the persons who compose it; it may own and hold property, make contracts, incur débt, sue and be sued; all like a natural person. Its property belongs completely and exclusively to it; and in this respect it is different from a partnership. What is due to it is not due to any of the individuals who compose it, and vice versa. It acts through its legally constituted agents. All these are express provisions of our Civil Code, art. 432 et seq.
It follows from this, and it is elementary in the law of corporations generally, that the property which a corporation owns is its own, to be managed by it as it deems best; and that the suits which it brings, or that are brought against it, are, in like manner, its own, to be prosecuted, or defended, as it deems best; and that the individuals who compose the corporation are, legally speaking, strangers to it, and cannot interfere with the management of its affairs or with the suits that are brought by or against it, , no more than they can interfere with the affairs of their next-door neighbor, of their neighbor across the street.
Therefore, in the instant case, if any injury is to result from the writ of seizure and sale appealed from,.it will affect the property of the corporation^ and not that of the appellants ; and hence, the appellants are without pecuniary interest in the premises; and, as the having of a pecuniary interest is the foundation of the right to appeal, they cannot maintain their present appeal. State ex rel. v. Markey, 21 La. Ann. 743; Bland v. Edwards, 52 La. Ann. 822, 27 South. 289. This court has expressly held that a shareholder has not such an interest in the property of the corporation as will afford him a standing for bringing suit in his own name for injury to the property of the corporation. Mioton v. Del Corral, 132 La. 730, 61 South. 771. And, needless to add, if he has no interest for bringing suit, he has none for appealing.
“An individual stockholder cannot prosecute an appeal from a judgment against the corporation by which he is only indirectly affected.” 2 Cyc. 637.
True, in the case of State ex rel. v. Judge, 31 La. Ann. 823, this court held differently; but it did so without due consideration apparently of the matter; for the sole reason assigned for the decision is that the question “will not brook discussion”; whereas the question would appear to us, as it would seem to have appeared to all the other courts that have had occasion to consider it, saving alone this one instance, not to brook discussion the other way.
[2] Corporations can only act through their duly constituted agents. C. P. 112; R. S. 680. And stockholders are not such, and therefore cannot act for the corporation, except when it is necessary that somebody should do so, and the officers will not, though duly requested. 10 Cyc. 963 et seq., 975 et seq. Hence, if the appellants had occasion to apprehend injury to the property of the corporation, their remedy was to call upon the officers of the corporation to act for the corporation in the premises; and if these officers would do nothing, then to take action themselves, but in the name of the corporation, not in their own. Had the appellants in this case alleged and shown that they had called upon the board of directors of the defendant corporation to take an appeal, and *934 that these directors had refused, or, at any rate, failed, to do so, and had the appeal been taken in the name of the corporation, a different case might have been presented.
Appeal dismissed.