(68 South. 127)

No. 21138.

LEVERT v. SHIRLEY PLANTING CO.

(March 22, 9115.)

*(Syllabus by the Court.)*

APPEAL AND ERROR ☞801—MOTION TO DIS-
MISS—MATTERS DE HORS RECORD—REMAND.

Where a motion to dismiss an appeal is based on matters de hors the record, the case will be remanded for the sole purpose of taking evidence on the issues of fact raised in the motion.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3161–3164; Dec. Dig. ☞ 801.]

Appeal from Civil District Court, Parish of Orleans; T. C. W. Ellis, Judge.

Action by J. B. Levert against the Shirley Planting Company. From orders of seizure and sale, defendant appeals, and James Rainey, a stockholder of defendant, also appeals. Remanded, that certain evidence may be taken and filed as part of the record.

See, also, 135 La. 929, 66 South. 301.

Woodville & Woodville, of New Orleans, and Cappel & Cappel, of Marksville, for appellants. Borah, Himel & Bloch, of Franklin, for appellee.

On Motion to Dismiss.

LAND, J. Two certain orders of seizure and sale were granted in this case, the first on January 23, 1914, and the second on the 26th of the same month and year.

On January 18, 1915, the defendant applied for and obtained an order for a devolutive appeal from said orders, and on the same day perfected the appeal by giving bond.

On January 20, 1915, one James Rainey, alleging himself to be a stockholder of the defendant corporation, applied for and obtained an order for a devolutive appeal from the orders aforesaid, and on the same day perfected the appeal by giving bond.

Both appeals were filed in the Supreme Court on February 15, 1915, and the plaintiff and appellee has moved to dismiss on grounds, in substance, as follows:

That two appeals cannot lie by the same persons, at the same time and from the same judgment; and that therefore the appellants should be compelled to elect upon which appeal they will stand, or, in the alternative, that both appeals be dismissed.

That the appellant Rainey is not a bona fide stockholder of the defendant corporation; that the stock was issued to him without consideration; and that he is a mere dummy interposed for the purpose of taking an appeal.

That the stock claimed by said Rainey was delivered to him after the sale of the mortgaged premises under the orders appealed from, and therefore said appellant is without right or interest to complain.

That the appeal on behalf of the defendant is prosecuted without right or authority from any lawful board of directors of the corporation.

That no lawful stockholders' meeting was held or convened on May 21, 1914, as alleged in the petition for appeal, but the pretended meeting was had without authority from the board of directors and without notice to other stockholders, and pending a suspensive appeal from a judgment ordering the president to call a stockholders' meeting.

That, if the facts in the record are not in themselves sufficient to authorize a dismissal of the appeal herein, then the court should remand the case for further proof of the facts alleged.

Wherefore plaintiff and appellee prayed

that the appellant be compelled to elect between the two appeals, and after said election the case be remanded for the purpose of proving the facts alleged in the motion, or that the appeal be dismissed for the reasons set forth therein.

This case has for the third time been brought before us on appeal.

The first appeal was taken by two stockholders of the defendant corporation, and was dismissed because said defendant had not been cited. See 135 La. 209, 65 South. 111.

The second appeal also by stockholders was dismissed because a stockholder cannot prosecute an appeal from a judgment against the corporation by which he is only indirectly affected.

This court suggested that the remedy of the stockholders was to call upon the officers of the corporation to act for the corporation in the premises; and, if their officers would do nothing, then to take action themselves in the name of the corporation, not in their own. See 135 La. 929, 66 South. 301.

In the case now before us the defendant corporation appealed in its own name through its attorneys of record; and James Rainey, as stockholder, also appealed in the name of the corporation, alleging that there were two rival boards of directors, and that he had demanded of both boards to take an appeal in the case; that the officers of the old board, presided over by the plaintiff, as president, refused to comply with his demand; that the new board took an appeal, and the said Rainey also took an appeal "out of an abundance of caution," as the president (the plaintiff) and other members of the old board contested the legal status of the new board.

It is evident that the motion to dismiss cannot be determined on the record before us.

It is therefore ordered that this cause be remanded for the sole purpose of taking evidence on the issues of fact raised in the motion to dismiss, and that such evidence, when taken, be filed as a part of the record in this court.