REGAN, Judge.
The defendant, Radio New Orleans, Inc., operator of radio station W.J.B.W., has filed a peremptory exception and motion to dismiss the plaintiff’s appeal, predicated on the postulation that it was not prosecuted by the real party in interest.
The record reveals, for the purpose of considering the validity of the foregoing pleas, that Henry Odenwald instituted this suit against the defendants[1] “individually and for the use and benefit of his minor son”, Louis Odenwald, in an endeavor to recover the sum of $11,200.00, representing damages for injuries incurred by his son when struck by a policeman while attending a dance which he asserts was sponsored by the defendants. *
At the inception of the trial in the lower court, the plaintiff and his son moved for the *831 substitution of Louis Odenwald as party-plaintiff instead of his father for the reason that he had become emancipated by marriage. This motion was not opposed. Henry Odenwald was thus removed from the case completely and his son, Louis Oden-wald, was made party plaintiff herein.
Judgment was thereafter rendered on the merits in favor of the defendants and against Louis Odenwald as plaintiff, dismissing his suit. The foregoing judgment does not even mention the name of Henry Odenwald.[2] However, he filed a motion for an appeal individually and on behalf of his minor son, Louis Odenwald. Moreover, the appeal bond was posted by Henry Odenwald. No appeal was prosecuted by Louis Oden-wald in his own behalf.
Defendant argues that since Louis Oden-wald did not appeal from the judgment rendered against him, he is not before this court. In addition thereto, the defendant contends that since Henry Odenwald was not a party to the judgment, he possesses no legal status in this court, and therefore his appeal should also be dismissed.
In response to this argument, counsel for plaintiff explains that in drafting the motion for appeal in the name of Henry Odenwald instead of Louis Odenwald, he committed a simple clerical error which should, in effect, be overlooked in conformity with the liberal system of pleading emanating from the Code of Civil Procedure.
 It is axiomatic that only the real party in interest to the legal proceeding may appear therein and prosecute it.[3] Moreover, an exception asserting a lack of interest in the plaintiff may be urged initially on appeal.[4]
In the relatively recent case of Lane v. Mud Supply Co.,[5] the father sued for himself and on behalf of his minor son. At the trial thereof, the son, having attained the age of majority, was substituted for his father as party plaintiff. An appeal was prosecuted by the father “for himself and on behalf of his minor son”. This court reasoned that the appeal should be dismissed since the real party in interest, that is, the son, was not before it.
Plaintiff insists, despite the rationale of the foregoing case, that since the enactment of the Code of Civil Procedure a more liberal interpretation of pleadings must be accepted by the courts. In support of this-contention, he points to Article 865 of the LSA-Code of Civil Procedure which reads r
“Every pleading shall be so construed as to do substantial justice.”
In order to buttress the foregoing argument, he cites the case of General Auto-Service, Inc. v. Lombard,[6] which explicitly decided that Article 865 militates against the-dismissal of an appeal because of the commission of a mere clerical error. Therein,, the appellant prosecuted his appeal from the wrong judgment; he inadvertently inserted the date of a prior judgment instead of the-date of the judgment from which he desired to appeal.
A cursory reading of the Lombard' opinion reveals the obvious distinction between its rationale and the problem posed. for our consideration herein. In the Lombard case, the court was confronted with a. simple clerical error, and both judgments were contained in the appellate record. The-court was only required to substitute one-date for another, and the innocuous mistake was readily corrected. In this case, the real-party at interest is not before this court. He has not filed a motion for appeal, nor is there any bond in his name upon which the defendant may execute in the event that the costs hereof are not paid. In short, it is- *832 obvious that a liberal interpretation of pleadings [7] may not be used fictitiously to correct a serious legal omission which constitutes a real and valid basis for the invocation of a peremptory exception under the Code of Civil Procedure.
For the foregoing reasons, the peremptory exception and motion to dismiss filed herein by the defendant is granted, and this suit is dismissed at plaintiff’s cost.
Appeal dismissed.

. The defendants, in addition to Radio New Orleans, Inc., were Joe Desimone and Bobbie Vann, d/b/a Desi-Vann Productions.

. The title to the suit, of course, remained the same.

. Article 681, LSA-Code of Civil Procedure.

. See Article 927 and Article 2163, LSA— Code of Civil Procedure.

. La.App., Ill So.2d 173 (1959).

. La.App., 147 So.2d 31 (1962).

. This court expressed its philosophy with respect to a technical as opposed to a liberal interpretation of pleading long before the enactment of the new Code of Civil Procedure. See Home Services v. Marvin, 37 So.2d 413 (1948); Gill v. Citizen, 63 So.2d 24 (1953).