307 So.2d 771 (1975)
DAWSON ENGINEERS, INC.
v.
LEMEL IRON WORKS, INC.
No. 10126.
Court of Appeal of Louisiana, First Circuit.
February 10, 1975.
David L. Dawson, Jr., Baton Rouge, for appellant.
Donald R. Weber, Baton Rouge, for appellee.
Before SARTAIN, ELLIS and de la HOUSSAYE, JJ.
ELLIS, Judge.
This is a suit by Dawson Engineers, Inc., a Louisiana corporation, against Lemel *772 Iron Works, Inc., a Louisiana corporation, for damages arising from Lemel's alleged refusal to permit plaintiff to remove a certain plate roll machine which had been left on Lemel's premises by plaintiff. Lemel reconvened for damages for plaintiff's failure to remove the machine from its premises.
After trial on the merits, judgment was rendered in favor of defendant, dismissing plaintiff's demands; and in favor of defendant on its reconventional demand for $750.00. The judgment further ordered plaintiff to remove the machine from defendant's premises within 15 days.
On July 3, 1974, one William J. Dawson moved for and was granted a suspensive appeal and on the same day, posted bond for same. No appeal has been taken or bond posted by Dawson Engineers, Inc., plaintiff herein, which is stipulated to be the owner of the plate roll machine. The record reveals that William J. Dawson is president of the plaintiff corporation.
This court notes, on its own motion, the lack of a valid appeal herein and a consequent lack of jurisdiction.
It is basic that a suit can be brought only by one having a real interest in the subject matter thereof. Article 681, Code of Civil Procedure. Appeals may be taken only by parties to the suit, their legal representatives, or by third persons who could have intervened in the trial court. Articles 2082, 2086, Code of Civil Procedure.
It is also basic that corporations are separate legal entities, distinct from the persons who compose them, which must do all their legal acts in their own names. Articles 432, 435, Civil Code. Under ordinary circumstances, officers, directors and shareholders can not be compelled to pay the debts of the corporation. Article 437, Civil Code; R.S. 12:93; R.S. 12:91 et seq.
The appeal herein was taken by William J. Dawson, as an individual. We learn from the record that he is president of the plaintiff corporation, but it does not appear that he was in any way authorized to act on its behalf, or that he was acting in other than an individual capacity in taking the appeal. There is nothing to indicate that he could have legally intervened herein, in the trial court to assert any personal right.
Application of the above principles of law to this set of facts make it clear that no valid appeal has been taken on behalf of the plaintiff corporation.
In brief, plaintiff asserts that taking the appeal in Mr. Dawson's name was a typographical error, and that, in view of the principle that appeals are favored in law and should not be dismissed on technicalities, plaintiff should not be denied its appeal because of such an inadvertent error.
We cannot agree. A corporation is a fictional person, created by a legal device, usually formed so as to limit the liability of its owners to the amount of their stock subscriptions. It is a legal person for all purposes, and not just those which suit the convenience of its officers, directors, or shareholders. This legal identity may not be invoked for one purpose and ignored for another. Mr. Dawson, as an individual, has no more standing to appeal a judgment against this corporation than would a stranger. Levert v. Shirley Planting Co., 135 La. 929, 66 So. 301 (1914); Odenwald v. W.J.B.W. Radio Station, 173 So.2d 830 (La.App. 4 Cir. 1965).
The appeal is therefore dismissed, at plaintiff's cost.
Appeal dismissed.