LEAR, Judge.
This is an action for damages growing out of a two-car collision along a rural road in Livingston Parish.
The trial court found that plaintiff-appel-lee, Anthony J. Delatte (Delatte), was operating his father’s automobile along Koto Road when suddenly and without any prior warning defendant-appellant, Lloyd Wild, Jr. (Wild), pulled his pickup truck out onto the highway, across the lane of travel of the Delatte vehicle. Although the Delatte vehicle apparently took emergency action to avoid the accident, a collision ensued with the truck striking the Delatte vehicle on the right front side of the car.
The court further found that the sole and proximate cause of the accident was occasioned by the actions of Wild and made awards to Delatte for property and special damages, as well as pain and suffering.
Defendant-appellant now perfects this appeal alleging that the trial court committed manifest error in holding for plaintiff under the factual circumstances of this case.
It is axiomatic that the trial court’s decision will not be disturbed unless the appellant is able to show manifest error. Appellant has failed to show manifest error with regard to specifications of error II-IV, inclusive, i. e., that the trial court erred in its application of the sudden emergency doctrine; its failure to find contributing negligence; and the amount of damages awarded to plaintiff. We find that there is ample evidence in the record to support the holdings of the trial court which these specifications attack. However, we view differently the appellant’s first specification which assigns error to the trial court award to plaintiff-appellee of $900.00 for property damage to the automobile. On the trial of the cause, no evidence was adduced to establish that the plaintiff owned the subject vehicle or otherwise had an ownership interest therein.
Article 681 of the Code of Civil Procedure provides, “Except as otherwise provided by law, an action can be brought only by a person having a real and actual interest which he asserts.”
Appellant has timely filed an exception of no right of action in this court. See C.C.P. article 2163. We find merit in this exception and accordingly reverse the trial court’s award to plaintiff-appellee for automobile damages of $900.00. See Odenwald v. W.J.B.W. Radio Station, 173 So.2d 830 (La.App. 4th Cir. 1965), and Dawson Engineers, Inc. v. Lemel Iron Works, Inc., 307 So.2d 771 (La.App. 1st Cir. 1975).
For the above and foregoing reasons, the judgment of the trial court awarding $900.00 to plaintiff-appellee for automobile property damage is reversed and set aside. In all other respects, the judgment of the trial court is affirmed.
Costs of this appeal are assessed against defendant-appellant.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.