SHORTESS, Judge.
Warren H. Hebert (plaintiff) obtained a judgment against Louisiana & Arkansas Railway Company (defendant) for property damages to a 1981 Ford LTD, which he was operating on February 12, 1982. He was involved in a collision, in the 1500 block of Florida Street in Baton Rouge, with a pickup truck owned by Henry W. Henderson. Both vehicles were proceeding in a westerly direction on Florida Street near defendant’s railroad tracks, which traverse Baton Rouge in a north-south direction. A large railway vehicle called a “Jackson 6000” was headed in a northerly direction on the tracks. Plaintiff swerved to avoid striking the railway vehicle and struck the rear of Henderson’s truck. Plaintiff brought suit for $1,071.66 for the damages to the right front of the vehicle he was driving.
The trial court assessed fault between the parties, with 75% to defendant and 25% to plaintiff and rendered judgment accordingly. Defendant has appealed, alleging three assignments of error.[1] Inasmuch as assignment number three has merit, it is unnecessary to discuss the other assignments.
Defendant asserts that the trial court erred in allowing plaintiff to maintain this action. Defendant filed a peremptory exception of no right of action at the close of plaintiff’s case. The record verifies that plaintiff introduced no evidence of ownership, no evidence that he was the lessee of the vehicle, and no evidence of subrogation or assignment from either the owner or the lessee. However, the trial judge overruled the exception.
An exception of no right of action questions the legal interest of plaintiff in enforcing the right or rights asserted. La.C. C.P. arts. 681 and 927(5). The evidence in this case indicates that Cap Bank Leasing Corporation owned the 1981 Ford LTD in question; ■ that the office of the District Attorney of East Baton Rouge Parish had leased the vehicle from Cap Bank; and that Warren Hebert is employed by the District Attorney as an assistant district attorney and had been assigned the use of the vehicle. Plaintiff testified that one of his obligations to his employer was to return the automobile which had been loaned to him in good condition. Therefore, out of his own funds, he paid $1,071.66 to repair the vehicle.
We held in Delatte v. Wild, 385 So.2d 399 (La.App. 1st Cir.1980), that when no evidence was adduced to establish that plaintiff owned the subject vehicle, or otherwise had an ownership interest therein, a timely filed exception of no right of action had merit, and we reversed the trial court’s award to plaintiff for damages to the automobile.
The landmark case in this area is Forcum-James Co. v. Duke Transportation Co., 231 La. 953, 93 So.2d 228 (1957). Forcum sued Duke to recover for the damages done to a temporary bridge constructed by plaintiff on Louisiana Highway 15, which collapsed under the weight of defendant’s overloaded truck. The bridge was the property of the State of Louisiana, and the Supreme Court held that the State alone had a right of action for the costs of its repair, notwithstanding the fact that plaintiff paid for the repairs. We quote from that opinion as follows:
“It is a basic principle of the law that a tort-feasor is responsible only for the direct and proximate result of his acts and that, where a third person suffers damage by reason of a contractual obligation to the injured party, such damage is too remote and indirect to become the subject of a direct action ex delicto, in the absence of subrogation. See Foret v. Board of Levee Com’rs of Orleans Levee Dist., 169 La. 427, 125 So. 437, citing, among other authorities, Sutherland on Damages, Vol. I, p. 127. And see also D.R. Carroll & Co. v. New Orleans, J. & G.N.R. Co., 26 La.Ann. 447. This appears to be the general rule, to which the Supreme Court of the United States has given its stamp of approval. Robins Dry Dock & *809 Repair Co. v. Flint, 275 U.S. 303, 48 S.Ct. 134, 135, 72 L.Ed. 290. In that case, Justice Holmes remarked that ‘ * * * no authority need be cited to show that, as a general rule, at least, a tort to the person or property of one man does not make the tort-feasor liable to another merely because the injured person was under a contract with that other, unknown to the doer of the wrong. * * * The law does not spread its protection so far.’
Even the board (sic) language used in Article 2315 of our Code does not justify a departure from the above stated doctrine. Indeed, to permit a person to proceed against a wrongdoer in every instance where such person has sustained damage by reason of his contractual obligation to the injured party would open the door to the prosecution of claims for damages indirectly and remotely connected with the tortious act and encourage a multiplicity of suits from which numerous conflicts of interest might ensue. Parties situated in plaintiff’s position can readily protect themselves by obtaining from the injured person a conventional subrogation of the latter’s rights and, thus, the tort-feasor can be made to respond for the direct and foreseeable consequences of his act in a single suit.” 93 So.2d at 230-231.
We note that the trial court in overruling the exception of no right of action, relied upon Standard Motor Car Co. v. State Farm Mut. A. Ins. Co., 97 So.2d 435 (La.App. 1st Cir.1957). This case created an exception to the Forcum-James, supra, rule in favor of garagemen as depositories. The exception has not been extended beyond garagemen. Plaintiff cannot be considered a garage-man. The Forcum-James rule has been viable and cited with approval for many years. We are bound to follow it.
For the above and foregoing reasons, the trial court’s judgment is reversed. All costs are taxed to plaintiff.
REVERSED AND RENDERED.

. The judgment assessed plaintiff with 25% fault. Plaintiff did not appeal, so this part of the judgment is final.